SCULLY v. THE C. B. & Q. R. Co.

1. **Practice**: DISMISSAL OF ACTION: BAR. In an action in equity in the Circuit Court of the United States the defendant answered to the merits, without interposing technical objections; the attorneys for plaintiff having withdrawn their appearance the court dismissed the bill, reciting in the decree that the cause had been submitted upon the "pleadings and proofs:" *Held*, that the decree constituted a bar to an action upon the same cause of action in the State court.

2. ——: ——: WITHDRAWAL OF APPEARANCE. This result is not affected by the fact that the attorneys of plaintiff withdrew their appearance, since it appeared that the case was submitted and determined upon its merits.

3. ——: ——: EQUITY PRACTICE. The Circuit Court of the United States is not governed by the code of civil practice of this state in chancery cases, and the provisions of the Code do not therefore apply to the dismissal of such causes in that court.

*Appeal from Wapello District Court.*

TUESDAY, OCTOBER 2.

ACTION at law, wherein the plaintiff seeks to recover damages for the use and occupation of certain premises by the defendant for its road bed and right of way. Among other things the defendant alleged in the answer that in October, 1873, the plaintiff commenced an action in the Circuit Court of Wapello County, "involving the title and right of plaintiff to the strip of land in controversy and described in the petition and amended petition, and that to all intents and purposes

involving and presenting the same issues that are involved and presented in and by the present proceeding, as will be seen by a transcript of the pleadings and record therein, attached" to the answer of defendant; which pleadings, record and decree are made a part of the answer; that said action was transferred to the Circuit Court of the United States, in which court defendant "filed its answer and the plaintiff his replication thereto, and upon the issues thus made, upon the pleadings and proofs in the case, the cause was duly submitted to said Circuit Court of the United States,    *    *    *    and said court made an adjudication of said cause and the issues therein presented and involved on the merits, and ordered, adjudged and decreed that complainant's bill be dismissed and that defendant recover its costs." To this answer the plaintiff demurred, which demurrer being sustained in part, the defendant appeals.

*Stiles & Burton*, for appellant.

*W. J. Anson* and *Chambers & McElroy*, for appellee.

SEEVERS, J.—The action in the Circuit Court of the United States was in equity and the decree rendered therein is as follows: "This cause came on this day for hearing.

1. PRACTICE: dismissal of action : bar. Messrs. Gatch, Wright & Runnells withdrew their appearance as attorneys for complainant, and the defendant appeared by D. Rorer, Esq., and thereupon the cause was submitted to the court upon the pleadings and proofs, and the court being fully advised, orders, adjudges and decrees that complainant's bill be dismissed with costs, that the defendant recover from complainant its costs herein to be taxed and that execution issue therefor."

The ground of demurrer sustained by the District Court was because the matters alleged in the answer "show that the judgment plead as a bar to this action was an entry of dismissal because no person appeared on the part of plaintiff, and that the merits of the cause were never discussed; that the court never made any finding or expressed any opinion upon them, and that the legal effect of said judgment is only equivalent to

a dismissal of the case without prejudice, or the same is a non-suit at law and does not constitute a defense or bar to the action."

The answer in the action in the Federal Court was such as to require the plaintiff to prove the allegations of his bill, before he could obtain the relief asked. There was also a demurrer to the bill which the record fails to disclose had been in any manner disposed of at the time the cause was submitted to the court. Previous to said submission the plaintiff filed a replication. In determining the question presented we have to say:

I. The record entry in the Federal Court, or decree, which-ever it may be designated, is not such as is ordinarily made upon a submission on demurrer. The demurrer is not men-tioned, but the cause was submitted on the "pleadings and proofs." It is unusual to submit proofs with a demurrer and we cannot, in the absence of a more explicit record, presume there was any submission whatever of the demurrer. On the other hand the decree warrants the presumption that the cause was submitted on bill, answer, replication and testimony, and that the demurrer was waived. Such a practice most certainly obtains in the courts of this State, and in the absence of any showing to the contrary we must presume the same to exist in the Circuit Court of the United States.

The answer in the Circuit Court of the United States did not interpose any technical objections whatever to the plain-tiff's recovery, but presented, as has been said, the plain and simple issue as to the truth of the allegations in the bill, and the case being submitted to the court on such an issue, with the proofs, the court dismissed the bill and rendered judgment against the plaintiff for costs. This, as we understand, is the usual entry under the chancery practice which obtains in the courts of the United States, when the bill is dismissed on the merits for the want of equity. It is something more than a nonsuit in an action at law, and under the practice in chan-cery amounts to a bar to any future proceeding for the same cause. This must be true, because the court in order to arrive at the result has not only examined the pleadings, and thus determined the issues, but has examined the proofs, and there-

from necessarily must have determined that the bill of the plaintiff was without equity, and therefore dismissed it and rendered judgment against him for costs.  If this was not the design and intent of the court, the presumption is and must be that the right of the plaintiff to bring another action would have been saved in the decree.

II.  The fact that the attorneys for the plaintiff withdrew their appearance cannot change this result.  For the fact remains patent and clear that the cause, notwith-standing such fact, was submitted on the merits and passed upon by the court.  It is possible, if the cause had been argued by counsel, that the court might have come to a different conclusion, but this cannot be averred with certainty, and if true it is the plaintiff's misfortune, and beyond our aid.  But we are not without authority upon this question.  In Freeman on Judgments, Sec. 270, it is said: "The dismissal of a bill in chancery stands nearly on the same footing as a judgment at law, and will be presumed to be a final and conclusive adjudication on the merits, whether they were or were not heard and determined, unless the contrary is apparent on the face of the pleadings or the decree of the court."

A libel for a divorce is like a bill in equity, and unless it be dismissed without prejudice it is a bar to a new libel.  *Thurston v. Thurston*, 99 Mass., 31.

In *Foote v. Gibbs*, 1 Gray, 412, the entry of record was: "And now in this term before the court have come the parties by their said attorneys, and this action is dismissed on motion of defendants.  Defendant asks costs, which is granted."  This entry was held to be a bar to a subsequent action, and SHAW, CH. J., said: "But the authorities both in England and in this country are decisive that a general entry of 'bill dismissed' with no words of qualification such as 'dismissed without prejudiced' or 'without prejudice to an action at law,' or the like, is conclusively presumed to be upon the merits, and is a final determination of the controversy."  See, also, *Borrowscale v. Tuttle*, 5 Allen, 377, *Curts v. Trustees of Beardstown*, 6 J. J. Marshall, 536.  *Rosse v. Rust*, 4 Johns. Ch'y, 300, which apparently holds a contrary doctrine, must

*(margin note: 2 ——: ——: withdrawal of appearance.)*

be regarded as overruled by *Ogsbury v. La Farge,* 2 Comstock, 113. In *Rosse v. Rust* it did not appear that the cause was submitted to the court on the pleadings and proofs, but simply that no person appearing for the plaintiff the bill was dismissed.

In *Foster v. Busteed,* 100 Mass., 409, it was found from the record that the former actions were prematurely commenced, and that for this reason the dismissal thereof did not constitute a bar. These are the only cases to which we have been cited which have any material bearing on the question presented.

III. It is, however, urged that the Circuit Court of the United States has adopted, as it is authorized to do, the Code of Civil Practice of this state, and therefore Rev., Sec. 3127, Code, Sec. 2844, have an important bearing on the subject under discussion. Those sections provide that the court "may dismiss an action when the plaintiff fails to appear when the case is called for trial," and such "dismissal shall be without prejudice to a future action." What would be the proper rule under this statute in the state courts we are not called on to determine. It may, however, be remarked that the statute cannot be regarded as mandatory. As we understand, the Circuit Court of the United States has not adopted the Code of Civil Practice of this state except in actions at law, and that the rules of practice in said court in chancery causes are such as are prescribed by the Supreme Court of the United States. It follows, therefore, that the provisions of the Code have no bearing whatever on the question under consideration. But its determination must depend on the rules and principles governing proceedings in courts of chancery, as administered in this country and England, and, therefore, the authorities cited are applicable and, as we believe, decisive of the questions involved in this appeal. For the reasons stated, the judgment of the Circuit Court is

REVERSED.