BARNETT ET AL. v. THE DIRECTORS OF THE INDEPENDENT DISTRICT OF EARLHAM.

1. **Mandamus:** AGAINST SCHOOL DIRECTORS: REMEDY BY APPEAL. Where school directors refuse to grant a petition for the restoration of territory to the district township to which it geographically belongs. when the conditions exist under which the statute (Code, § 1798) makes it their peremptory duty to do so, the petitioners have the right to appeal to the county superintendent, (Code, § 1829,) and, because of this legal remedy, *mandamus* will not lie to compel them to grant the petition. (*Marshall v. Sloan*, 35 Iowa, 445, followed.)

*Appeal from Madison Circuit Court*—Hon. S. A. CALL-VERT, Judge.

TUESDAY, OCTOBER 25.

ACTION of *mandamus*. The relief asked was refused, and the plaintiffs appeal.

*T. C. Gilpin*, for appellants.

*Wainwright & Goodale*, for appellees.

SEEVERS, J.—Certain territory which geographically belongs to the district township of Penn was, by the concurrent action of the board of directors of said district, and the board of directors of the independent district of Earlham, attached to the latter for school purposes. This action was brought to obtain a restoration of said territory, and the facts are that two-thirds of the electors residing therein signed a petition, and united in asking such restoration. The prayer of the petition was granted by the board of directors of the township of Penn, but was refused by the board of directors of the independent district of Earlham. No appeal was taken to the county superintendent, and upon this ground the circuit court held that *mandamus* would not lie. It is provided by statute that "any person aggrieved by any decision or order of the district board of directors  *  *  *

may    *    *    *    appeal therefrom to the county superintendent." (Code, § 1829.) It will be observed that the statute seems to contemplate an appeal, only when the decision is made by the directors of a district township. The decision in this case was made by the board of directors of an independent district, and whether an appeal lies therefrom is not absolutely certain, but we shall assume that it does, for the reason that counsel for the appellants do not claim otherwise, and seems to so concede. It is further provided by statute "that an order of *mandamus* shall not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law."

This action was brought under section 1798 of the Code, which provides that territory situated like that in question shall be restored to the township to which it geographically belongs, by the concurrent action of the boards of directors of the respective districts, in a case where two-thirds of the electors residing on such territory ask that such restoration be made. The statute seems to be peremptory. In this respect it is precisely like section 78, *c.* 172, Laws 1862. This last section does not, with entire clearness, express the intent of the general assembly; but we think that it reasonably appears that when two-thirds of the electors so ask, or when the school-house has been removed, or when the territory is inhabited, it shall remain under the jurisdiction, and form a part, of the district township to which it geographically belongs; and " the respective boards of directors shall, in either case, divide their districts " accordingly. It was held in *Marshall v. Sloan*, 35 Iowa, 445, that under the last statute an appeal was the proper remedy, and that *mandamus* would not lie. As the subject of that action and this is the same, and there is no substantial difference in the statutes, we feel bound to follow the cited case, and therefore the judgment of the circuit court is

AFFIRMED.