86   669
110  308

R. ODENDAHL *et al.*, Appellants, v. H. E. RUSSELL *et al.*, Appellees.

1. **School Districts:** RESTORATION OF TERRITORY ATTACHED TO ADJOINING COUNTY: CONSTRUCTION OF STATUTE. Territory which has been attached to an independent school district in an adjoining county or township, for school purposes, may by proper proceedings under section 1798, of the code, and the amendments thereto, be restored to the district to which it geographically belongs, without a schoolhouse being first erected in such detached territory, if there is a schoolhouse in the district to which said territory is to be attached. (ROBINSON, C. J., and GRANGER, J., *dissenting*).

2. ———: ———: DUTY OF DIRECTORS: MANDAMUS. Where the board of directors of a school district refused to act upon a petition for such detachment of territory because the board of the district to which said territory was to be attached had rescinded an order making the change prayed for, *held*, that the petition being in accordance with the statute the board might be compelled by *mandamus* to make the change.

3. ———: ———: ———: ———. The fact that such petition asked that the district, to which said territory was to be restored, be required to erect a schoolhouse in said territory, relief to which the petitioners were not entitled under the statute, *held*, not to be a ground for the denial of the writ of *mandamus* as to such relief as the petitioners were entitled to.

4. ———: ———: ———: ———. The board of directors having refused to act at all upon said petition, the remedy of the petitioners was not by appeal to the county superintendent, but by action for a *mandamus*.

5. **Mandamus:** APPEAL: REVIEW. An action for a mandamus is not triable *de novo* upon appeal to the supreme court.

*Appeal from Carroll District Court.*—HON. J. H. MACOMBER, Judge.

TUESDAY, OCTOBER 25, 1892.

THE plaintiffs are residents of Grant township, in Carroll county. The particular place of their residence is on section 18, and the north half of the northwest quarter of sections 19 and 30, in said township, The said territory is attached to the independent school district of Carroll for school purposes. The plaintiffs presented a petition to the board of directors of said independent district to pass an order restoring said territory to the district township of Grant. The defendants constitute the said board of directors, and it appears they failed and neglected to take action on said petition. This is an action of *mandamus*, and its object is to compel the defendants to make the order restoring the said territory to the civil township to which it belongs. There was a trial by the court, and a judgment for the defendants. The plaintiffs appeal. *Reversed.*

*F. M. Powers,* for appellants.

*Theodore G. Payne,* for appellees.

ROTHROCK, J.—The proceedings in question are founded upon section 1798 of Miller's Code, which is as follows: "In all cases where territory has been or may be set into an adjoining county or township, or attached to any independent school district in any adjoining county or township, for school purposes, such territory may be restored by the concurrence of the respective boards of directors; but on the written application of two thirds of the electors residing upon the territory within such township or independent district in which the schoolhouse is not situated, the said boards shall restore the territory to the district to which it geographically belongs; provided, however, that no such restoration shall be made unless there are fifteen or more pupils between the ages of five and twenty-one years actually residing upon said territory sought to be restored, and not until there has been a

suitable schoolhouse erected and completed within the limits of said territory, suitable for school purposes." The plaintiffs by their petition to the respective boards of directors, showed that they constituted two-thirds of the electors residing on the territory sought to be restored, and that there were fifteen pupils residing upon said territory.

The petition and showing appear to have been in compliance with the statute, except that it is not shown that there "has been a suitable schoolhouse erected and completed within the limits of said territory, suitable for school purposes." It appears from the evidence in the case that there is no schoolhouse within the limits of the territory sought to be detached. It is not disputed, however, that there are schoolhouses in the district township of Grant. We think that, although by a literal reading of the proviso of the statute there can be no restoration until after a schoolhouse has been provided in the territory sought to be restored; yet, when the whole section is considered, together with the object and purpose of the statute, it is only where there is no schoolhouse in the district to which the disputed territory geographically belongs that the proceeding is not authorized. The application is required to be made by the electors "residing upon the territory in which the schoolhouse is not situated." Besides, the statute authorizing the formation of school districts from the territory of two or more townships was made necessary years ago by the sparsely-settled condition of the civil townships, and for the very reason that it was necessary to attach additional territory to afford school facilities to the settler. Now, if there can be no restoration of the territory until after the erection of a schoolhouse thereon, the law can in most cases be defeated by the district to which the territory is annexed refusing to build a schoolhouse on said territory. Doubtless the

incongruity in this statute occurred by reason of the manner of its enactment. The proviso is an amendment added to the law by chapter 160 of the Acts of the Nineteenth General Assembly. If the author of that amendment had given a little attention to the law as it was without amendment, he would have discovered that the proviso and the law were in plain contradiction, if it was intended by the amendment that there must be a schoolhouse erected in the territory to be restored to its proper district township before the restoration is made. We cannot think it was intended to entirely nullify the law as it was before the amendment. If such had been the purpose, the law would have been repealed. It was not repealed, but the amendment was merely added to it.

II. The board of directors of the district township of Grant passed an order making the change in compliance with the application. Afterwards said board, without any application, and on its own motion, rescinded the order.

2. ——; ——: duty of directors: mandamus.

It is claimed that this was sufficient ground for the refusal of the defendants to act on the petition of plaintiffs. The statute provides that the restoration shall be made "by the concurrence of the respective boards." This does not mean that the boards shall hold a joint meeting for the purpose of acting on the application. It means that each shall concur in the act of the other. It was no concern of the defendants what the action of the board of Grant township district was. The statute is peremptory. When an application is made in compliance with the law, the board where it is presented is required to pass the order making the change. *Barnett v. Directors of Independent District of Earlham*, 73 Iowa, 134. The fact that the board of the other district has rescinded its action or refused to act does not release the defendants from making an order which the law plainly com-

mands shall be made; and this is not a case where *mandamus* can only be invoked to compel the board to use its discretion in the matter of making the order demanded. As we have seen, if the application is within the statute, the board is compelled to act; and it can act only in one way, that is, it is its duty to order the change in the districts.

III. It is claimed that the plaintiffs cannot maintain the action of *mandamus*, because they demand in their petition that the said territory shall be restored to Grant township, and that the defendants shall erect a schoolhouse within the limits of the territory. The demand that the defendants shall erect a schoolhouse is not within the statute, and the plaintiffs had no right to an order to that effect. But it is a familiar rule of the law, that because a party may in his petition demand more relief than he is entitled to is no reason why he should not be granted such relief as he does ask, and is entitled to.

IV. The defendants further contend that the action cannot be maintained, because the plaintiffs' remedy was by appeal from the board to the county superintendent of schools. The ready answer to this position is that there was nothing to appeal from. The defendants took no action whatever upon the application. For aught that appears, it is pending before them now. The case is not within the rule of the cases of *Hightower v. Overhaulser*, 65 Iowa, 347, and *Barnett v. Directors*, 73 Iowa, 134.

V. There are no other questions in the case which appear to us to demand consideration. The judgment will be reversed, and the cause remanded for a new trial. The action is for a *mandamus*, and is not triable anew in this court. *Dove v. Independent District of Keokuk*, 41 Iowa, 689. REVERSED.

ROBINSON, C. J. *(dissenting).*—Section 78 of chapter 172 of the Acts of the Ninth General Assembly provided that when a school district, as constituted at the time of the taking effect of an act entitled "An act for the public instruction of the state of Iowa," approved March 12, 1858, formed of parts of two or more civil townships in the same or adjoining townships in the same or adjoining counties, had a schoolhouse erected, which had not been destroyed, removed, or abandoned, such district should constitute a sub-district in and form a part of the district township in which the schoolhouse was situated. It further provided that the boundaries of such sub-district should not be changed, "except with the concurrence of the boards of directors of the townships interested;" but it contained the proviso that, upon the written application to the respective boards of directors of two thirds of the electors residing upon the territory within the township in which the schoolhouse is not situated, such territory should form a part of the district township to which it geographically belonged, and the respective boards of directors were required in either case to divide their districts in accordance with the provisions cited. Section 1 of chapter 125 of the Public Acts of the Fourteenth General Assembly contained similar provisions, which afterwards appeared in a revised form as section 1798 of the Code. Chapter 111 of the Acts of the Eighteenth General Assembly made the provision applicable to independent districts. As thus revised and amended, the language of the statute was less clear and definite in some respects than it was in the Act of the Ninth General Assembly, but it was explicit in giving to the boards of directors of the districts interested power to restore to the district to which it geographically belonged territory which had been set into an adjoining county or township, or

attached to an independent district in an adjoining county or township, for school purposes. The power so given was not dependent upon the application of persons interested, but could have been exercised by the boards upon which it was conferred, in their discretion, against the protest of all the inhabitants of the territory so restored, and without regard to the means which would be available for furnishing their children with a school. In other words, it was within the power of such boards to restore to a district territory separated from the remainder of the district to which it was restored by streams or other natural obstacles which the pupils could not cross. It seems to us clear that it was to prevent such an arbitrary exercise of power that chapter 160 of the Acts of the Nineteenth General Assembly was enacted. It was drawn with evident care, and the language of the proviso it contains is too plain to admit of doubt as to its meaning: "Provided, however, that no such restoration shall be made unless there are fifteen or more pupils between the ages of five and twenty-one years actually residing upon said territory sought to be restored, and not until there has been a suitable school-house erected and completed within the limits of said territory suitable for school purposes."

The opinion of the majority concedes that the language quoted, if literally construed, means that territory shall not be restored unless it contains a suitable schoolhouse; but it is said that to give it that effect would be to prevent a restoration in most cases. If that be true, the hardship which would result would be at least endurable, for if the territory is not restored, its citizens would continue to enjoy the school privileges for which their territory was detached; but, if the territory is restored by the boards of directors interested before it is provided with a schoolhouse, the citizens might be deprived thereby of all school privileges.

The construction adopted by the majority, to the effect that territory can be restored if the district to which it geographically belongs is supplied with a schoolhouse, will prevent hardships only in case of a restoration of territory on the application of its electors, and might not have that effect in cases of that kind, for it may easily happen that two-thirds of the electors of such territory would have no children between the ages specified in the statute. Of what possible benefit would a schoolhouse in the district to which the territory restored geographically belongs be to the inhabitants of the restored territory if they are separated from it by a stream or other obstacle which their children can not cross, or if it be situated in a part of the district so distant that their children can not reach it? Section 1725 of the Code provides that no sub-district shall be created for the accommodation of less than fifteen pupils, and it appears to me that the purpose of the amendment quoted was in part to prevent a restoration of territory unless it contains the number of pupils required to constitute a sub-district, with a schoolhouse suitable for their use, to the end that such territory might be constituted and remain a sub-district after its restoration. But, if the opinion of the majority be correct, the limitation as to the number of pupils is worse than useless; for, if the territory restored have no schoolhouse, and is separated from those in the district to which it is restored by a natural obstacle or distance which would prevent their use, the fewer pupils on the restored territory the better. The amendment may have been adopted with special reference to cases where the territory sought to be restored is separated from the district to which it geographically belongs by natural obstacles, and some of the cases where the inhabitants of territory severed may desire its restoration may not have been adequately provided for; but, if that be true, it affords no sufficient

ground for defeating the legislative intent by giving to the amendment a meaning which its language does not warrant. It is the latest expression of the will of the legislature upon the subject to which it refers. If not in harmony with prior enactments, they must yield, and it must prevail so far as there is a conflict, or violence is done to long-established and well-settled rules of interpretation. In this case there is no schoolhouse in the territory sought to be restored, and for that reason the relief demanded, it seems to me, should be denied.

GRANGER, J., concurs in this dissent.