The School Township of Bloomfield, etc., Appellant, v. The Independent School District of Castalia, etc., et al., Appellees.

**Schools:** formation of district. Under Code, section 2794, an
1   independent school district may be formed from territory formerly composing two or more independent districts or an independent district and a school township, without a concurrence of the boards of the districts out of which the new corporation is formed.

**Judgments:** conclusiveness: identity of parties. A school township having once litigated to final judgment its rights as against
2   an independent district cannot relitigate the same rights by the simple expedient of bringing into the second action as defendants members of the board of directors who are not necessary parties.

**Same:** matters concluded. Where the judgment in a former action between the same school district of necessity involved a
3   finding that a notice of election was sufficient, further inquiry into the sufficiency of the notice in a subsequent action is precluded.

*Appeal from Winneshiek District Court.*— HON. L. E. FEL-
LOWS, Judge.

### FRIDAY, MAY 17, 1907.

ACTION to set aside and declare void proceedings by
which an independent school district was attempted to be
formed, and for an injunction. The action having been
heard on its merits, the petition of plaintiff was dismissed,
and there was judgment in favor of defendants for costs.
Plaintiff appeals.— *Affirmed.*

*John B. Kaye,* for appellant.

*F. S. Burling,* for appellees.

BISHOP, J.— The plaintiff school township and the
defendant school district are alleged to be school corpora-
tions in Winneshiek county. The individual defendants,
George Allen et al., are alleged to be acting as directors and
officers of a pretended school corporation styled the " New
Independent School District of Castalia," in said county. A
recital of the matters and events leading up to this litigation
will aid in bringing out with clearness the points in contro-
versy. Up to the year 1882 the school township of Bloom-
field included all of the civil township of Bloomfield in said
county. In that year there was organized the Independent
School District of Castalia, which included the lands within
the territorial limits of the village of Castalia in said town-
ship, and considerable territory outside thereof — in all
two thousand and forty acres of land. As formed, the in-
dependent district was wholly within the township. It was
very irregular in shape, being of the extreme length at one
point of three and three-quarters miles, north and south, and,
at one point, no more than one-quarter of a mile in width.
In the year 1901 Castalia became incorporated as a town
under the statute, and, as laid out, the corporate limits in-

cluded five hundred and sixty acres of the lands within the independent district and eight hundred acres lying without such district. The inhabitants of the town as thus incorporated numbered about two hundred, nearly all of whom resided within the limits of the independent district. With the qualification hereinafter to be referred to, matters stood in this condition until April 30, 1904, when, relying upon the provisions of section 2794, Code Supp., a petition was presented to the board of the independent district looking to the establishment of a new independent district, which, in addition to all of the territory within the corporate limits of the town of Castalia, should include the major portion of the territory embraced within the limits of the old independent district, and considerable new territory adjoining the said town, being territory at the time and theretofore a part of the plaintiff school township. Acting upon such petition the board proceeded to establish a new district in accordance with such petition. Notice was given and an election was held at which the formation of the new district was approved by a majority of those electors who appeared and voted on the proposition. A meeting followed at which the defendants Allen et al. were elected directors, and they organized as a board and assumed charge of the affairs of the new district. This action was brought to have the proceedings, of which recitation has thus been made, declared void and of no effect.

I. The primary contention of appellant is that, in view of the situation as it existed, there was no authority of law to proceed to the formation of a new independent district.

1. SCHOOLS: formation of district.

which should include territory theretofore a part of the school township; that, at most, a change of boundary line as authorized by section 2793a, Code Supp., was possible of accomplishment. It is possible that a determination of the question thus made is unnecessary in view of our conclusion on the matter discussed in the following division of this opinion. As the

controversy, however, is not one between individuals assert-
ing private rights, but has relation to the rights and powers
of school corporations and the officers thereof, we think it
appropriate to make pronouncement on the subject. We
shall proceed, therefore, to dispose of the question, and this
we may do without stopping to question the right of plain-
tiff to sue. Prior to the sitting of the Twenty-Seventh Gen-
eral Assembly there was no provision of statute authorizing
a change in the boundary lines between a school township
and an independent city or town district. Code, section
2793, as theretofore existing, went no farther than to pro-
vide for a change of lines between contiguous independent
districts. The General Assembly mentioned passed an act
supplementary to section 2793, which act is now known as
section 2793a, Code Supp., wherein it is provided that, when
the boundary line between a school township and an inde-
pendent city or town district is not also the line between civil
townships, such boundary may be changed at any time by
the concurrence of the board of directors. The plain effect
of these provisions of statute is to authorize adjoining school
corporations, each being independent, or one independent,
and the other a school township, acting as such, through their
respective boards of directors, to accomplish a change by
agreement in corporate boundary limits. That the plaintiff
school township and the old independent district might have
thus proceeded in their corporate capacity is probably not
open to doubt.

But it does not follow that a change in boundary lines
may not be accomplished in any other way than by joint
corporate action. Section 2794 of the Code, which, as we
have seen, was proceeded under in the present instance,
provides, in substance, that, upon the written petition of any
ten voters of a town of over one hundred residents to the
board of the school corporation in which the portion of the
town plat having the largest number of voters is situated,
such board shall establish the boundaries of a proposed inde-

pendent district, including therein all of the town, and also such contiguous territory in the same or any adjoining school corporations as may be authorized by a written petition of a majority of the resident electors of the contiguous territory proposed to be so included in said district, and as may best subserve the conveniences of the people for school purposes.   It is then provided that an election shall be held to ratify or reject the new district as proposed.   Here it will be observed the right to institute proceedings and bring about a change is with the electors, and it does not matter that some are residents within the territorial limits of one school corporation, and some of one or more others.   So, too, the right is altogether imperative as it is arbitrary.   The school board to whom the petition is addressed has no alternative but to proceed in accordance with the petition, and follow the lines marked out by the statute.   *Munn v. School Twp.,* 110 Iowa, 652.   It is conceded in this case that petitions proper in form and properly signed were presented to the proper board as directed by the statute.   It accordingly follows that the contention of appellant, thus considered, must be dismissed as without merit.

II.   By way of a further matter of complaint, the petition alleges that the election attempted to be held was void for that no sufficient notice thereof was given as required **2. JUDGMENTS:** by law; the particular defect complained of **conclusiveness: identity** being that the notice given did not designate **of parties.** the place of meeting for the election.   Conceding that under authority of *School Twn. v. Wiggins,* 122 Iowa, 602, plaintiff's right to sue in equity could not be questioned if the proceedings under which the new district was attempted to be formed were wholly void, still, in view of an issue made in answer, and of the proofs presented having relation thereto, we think that plaintiff is in no position to insist upon the irregularity or defect as now alleged and complained of.   In a separate count of the answer the allegation is made that the movement looking to

the formation of a new independent district was inaugurated in March, 1904; that, proceeding under Code, section 2794, a petition was then presented to the board of the old independent district of Castalia, in which petition there was included and described substantially all the territory included and described in the later petition of April 30, 1904, being the petition on which the proceedings complained of in this action were founded. And the answer alleges that the board, acting upon such March petition, gave notice of an election as required by law; that an election was held resulting favorably to the creation of a new independent district. The allegation follows that, on such election being held, the district township, plaintiff in this action, commenced an action in equity against the Independent District of Castalia, principal defendant in this action, to have such election, and the proceedings leading up to the same, declared void, for the reasons that such proceedings were not only irregular and defective but unwarranted in law. Continuing, the answer says that the defendant independent district appeared in that action and answered, and a copy of the answer so filed is set out. It appears that the filing of such answer did not take place until after the election was held under and pursuant to the electors' petition to the board of date April 30th. As disclosed, such answer, in the first count thereof, admitted that the proceedings had and done under the March petition were irregular and defective, and hence null and void; that on account thereof such proceedings had been wholly abandoned. In a second count of such answer the defendant pleaded the proceedings inaugurated April 30, 1904, upon which the present action is founded, including the petition to the defendant board, the order of the board fixing the boundaries of the new independent district, the giving of the notice of the election, being the notice complained of in this action as defective, the holding of an election, etc. It is further pleaded in the present answer that in such former action the plaintiff filed a reply, a copy

of which is also set forth.   Therein was admitted the proceedings dating from April 30, 1904, but it was alleged that all such arose after the commencement of that action, and the legal sufficiency of such matters to constitute a defense to that action was denied.   The present answer then makes allegation that such former action was submitted to the court, and resulted in plaintiff's petition being dismissed, but with taxation of costs against defendant.   And defendants say that in view of said former action, and the disposition thereof, all the issues tendered by plaintiff in its petition in the present action have been finally adjudicated on merits, and that plaintiff has no further right to sue.

Defendants made proof of the pleadings and proceedings in such former action, and the sufficiency thereof as constituting a bar to the present action is, therefore, a question squarely before the court.   On familiar doctrine, that a judgment or decree may have effect to work a bar to any future suit, it must appear that such suit was between the same parties or their privies, involved the same cause of action, and was on merits.   *Madison v. Coal Co.*, 114 Iowa, 56.   Now, clearly enough, the parties to the former suit, and the real parties in interest to the present suit, are identical.   It is true that in the present suit the individual members of the board of the defendant district, and who as it appears were chosen to be the directors of the new independent district, are added as defendants.   But here, as in the former suit, the issue is between the district township on the one hand and the independent district on the other hand. The directors named can have no individual interest, and it is manifest that they were brought in for no other purpose than to charge them with personal knowledge of the controversy, and of the decree to be entered whereby the rights as between the two corporations should be fixed and determined. Such being the situation, there is no variance in the identity of the parties.   Surely the district township, having once litigated to final judgment its rights as against the inde-

pendent district, could not thereafter put itself in position to relitigate such rights by adopting the simple expedient of bringing in as additional parties defendant persons having no personal interest in the subject-matters in controversy, and hence not necessary, although proper, parties. *Davis v. Milburn,* 4 Iowa, 249; *Larum v. Wilmer,* 35 Iowa, 244. Should the reader care to pursue the subject further, he will find the cases on the subject generously collected in 23 Cyc. 1112; Am. & Eng. Ency.

That the issues arising from the pleadings in the former action were identical with those presented by the present action is not open to doubt. What there is of distinction has relation to matter of form, and not of substance. There the answer in an affirmative way pleaded the legality and sufficiency of the proceedings under the April petition, and this was put in issue by the reply. Here the petition challenges the legality and sufficiency of such proceedings, and this is put in issue by the answer. It is true that in the former action the matter of the failure to designate in the notice of election the particular place at which such election was to be held was not pointed out by specific allegation. But the challenge was to the validity of the proceedings as a whole, and of necessity it included the question of the sufficiency of the notice. And, as a finding that the notice was sufficient was necessary to the judgment entered, the estoppel of such judgment must be held to forbid any further inquiry into the subject. "Matters which follow by necessary and inevitable inference from the judgment, findings or determinations of the court in relation to the subject-matter of the suit which are necessarily implied from its final decision as being determinations which it must have made in order to justify the judgment as rendered, are equally covered by the estoppel as if they were specifically found in so many words." 23 Cyc. 1306; *Hornish v. Stove Co.,* 116 Iowa,

3. SAME: matters concluded.

1; *Brant v. Plumer,* 64 Iowa, 33; *Ostby v. Secor,* (Iowa), (not officially reported), 94 N. W. 571.

As we have seen, the former action was regularly sub- ₁ mitted to the court to determine the merits of the matter in controversy, and that the result of this was a dismissal of the petition. There was then a final judgment within the meaning of the law, and as such it became conclusive. *Campbell v. Ayres,* 18 Iowa, 252; *Scully v. Railroad,* 46 Iowa, 528.

III. We need not concern ourselves about whether or not proper steps were taken to organize the new district by the election of directors, etc. The proposition to establish such new district having carried, the organization thereof could not be matter of moment to plaintiff.

IV. One other matter of contention remains to be noticed. It appears that two hundred and forty acres embraced within the limits of the old independent district was not included in the organization of the new. This could not affect the validity of the organization of such new district; and, in any event, it was a matter of no moment to plaintiff. We need not concern ourselves, therefore, to determine the status of such omitted lands. That is matter, in the first instance at least, for the school authorities.

We find no error in the judgment, and it is *affirmed.*