J. W. ALTMAN et al., Appellants, v. INDEPENDENT SCHOOL DISTRICT OF GILMORE CITY et al., Appellees.

No. 47245.

(Reported in 32 N. W. 2d 392)

636

■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

May 4, 1948.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■

McManus & Toomey, of Manson, for plaintiffs-appellants.

Garfield, Baker & Miller, of Humboldt, for defendants-appellees.

HALE, J.—It is agreed by plaintiffs-appellants that the defendants-appellees' statement of the case is correct, and so far as pertinent to the questions herein we adopt the same. This is an appeal from the ruling of the trial court sustaining the motion to dismiss, filed by the defendants to the plaintiffs' petition. The plaintiffs in their petition set out that in March 1947 two petitions were presented to the Board of Directors of the then existing Independent School District of Gilmore City, Iowa, each of said petitions asking that the territorial limits of the district be enlarged, and that a new district be formed, including such additional territory; one petition being filed by the resident electors of the then existing school district, and one filed by the resident electors of the territory proposed to be added to said school district. The petition admits that the latter of these petitions was signed by a majority of the resident electors residing in the contiguous area proposed to be added to and made a part of the then existing school district,

but further alleges that the petitions did not bear the signatures of a majority of the resident electors in each of several specified sections of land included with the territory proposed to be added to the school district. Pursuant to the filing of the petitions, the Board of the then existing district determined them to be adequate and sufficient, called an election, gave notice thereof, and the voters of both the former district and the proposed additions thereto, voting separately, approved the same. The defendants filed a motion to dismiss plaintiffs' petition, alleging that the same did not set out a cause of action, which motion was sustained by the court, and it is from that ruling that this appeal was taken.

The points in issue in this case were stipulated. The first two paragraphs of the stipulation relate to the appeal. Paragraph 3 of the stipulation is as follows:

"In enlarging their existing Independent School District of Gilmore City, Iowa, written petitions were obtained and filed, said petitions having been signed by a majority of the resident electors of the contiguous territory proposed to be added to the existing district. These signatures, however, were obtained at large in the sense that a majority of signatures to said petition were not obtained, as shown by the petition of plaintiffs, in certain sections of Weaver Township, Humboldt County, Iowa, Garfield Township, Pocahontas County, Iowa, Lake Township, Pocahontas County, Iowa, and in Avery Township, Humboldt County, Iowa. The contention of appellants is that under Section 274.23 governing the formation of independent districts and their enlargement, the requirement is that written petitions must be obtained, signed by a majority of the resident electors in subdivisions not smaller than the smallest tract as made by the Government survey in the same or any adjoining school corporations, and that only under the procedure outlined in Chapter 274 governing the formation of consolidated school districts can a petition if not signed by a majority of resident electors in each section involved be ruled sufficient. It is agreed that the smallest subdivision referred to in said Section, means a section of 640 acres.

"The appellants do not question the form or substance of

the petition, but question only whether or not signatures thereon are sufficient under the terms and provisions of Section 274.23, and do not question the genuineness of any of the signatures on said petitions."

The presentation of the appeal in this case is irregular as to time of filing—defendants-appellees' argument having been first filed, but no objection is made to the manner of presentation. Since the defendants' argument was first filed and embodies the only matter for determination herein, we will first consider the propositions raised by the defendants. The first is as follows:

"When the Board of Directors of an Independent School District has determined that petitions calling for an election to determine whether or not certain contiguous territory shall be added to said district and a new district formed are sufficient, and have called an election pursuant thereto, and no appeal from such determination by the Board has been made to the County Superintendent of Schools, may the sufficiency of said petitions and the validity of subsequent election and new organization be attacked by an action in the District Court?"

■ I. Defendants' contention is that the remedy of plaintiffs is by appeal from the decision of the Board to the County Superintendent. In Riecks v. Independent Sch. Dist., 219 Iowa 101, 105, 257 N. W. 546, 548, it is stated:

"It is only in cases in which the county superintendent is called upon to review a decision of the board involving a matter of discretion, and not a duty imposed by law, that appeal from such decision of the board to the county superintendent is necessary." See cases cited.

■ The question, therefore, is: Was the duty of the school board to form an independent district a mandatory one? The statutes relating to the formation and enlargement of school districts are sections 274.23, 274.24, 274.26, and 274.27 of the Code of 1946, and are as follows:

"274.23 Formation of independent district. Upon the written petition of any ten voters of a city, town, or village

of over one hundred residents, to the board of the school corporation in which the portion of the city or town having the largest number of voters is situated, such board shall establish the boundaries of a proposed independent district, including therein all of the city, town, or village, and also such contiguous territory as is authorized by a written petition of a majority of the resident electors of the contiguous territory proposed to be included in said district, in subdivisions not smaller than the smallest tract as made by the government survey in the same or any adjoining school corporations, as may best subserve the convenience of the people for school purposes, and shall give the same notices of an election as required in other cases.

"274.24 Vote by ballot—separate ballot boxes. At the election all voters upon the territory included within the contemplated independent district shall be allowed to vote by ballot for or against such independent organization. When it is proposed to include territory outside the city, town, or village, the voters residing upon such outside territory shall vote separately upon the proposition for the formation of such new district. If a majority of the votes so cast is against including such outside territory, then the proposed independent district shall not be formed. When such territory is included in an independent district, adequate school facilities shall be provided for the increased attendance. * * *

"274.26 When district deemed formed. If a majority of the votes cast at such election is in favor of the proposition, the formation of said independent district shall be deemed effected.

"274.27 Additions and extensions—separate vote. Whenever it is proposed to extend the limits of, or add territory to, an existing independent city, town, or consolidated district, the voters residing within the proposed extension or addition and outside the existing independent district, shall vote separately upon the proposition. The proposition must be approved by a majority of the voters voting thereon in each of such territories."

The provisions of section 274.27, Code of 1946, do not repeal the former provisions, but are additions thereto. See State ex rel. Doherty v. Van Peursem, 202 Iowa 545, 548, 210

N. W. 576, in which case it was contended that the provisions of section 274.27, then known as section 4191, Code of 1924, had no application to the establishment of a new independent district, but applied only where it was to extend the limits or add territory to an existing district. The court held against such contention, and recited the legislative history of section 274.27, so that these provisions are to be construed together.

In the annotation found in 65 A. L. R. 1523, 1526, Re Chelan Elec. Co., 152 Wash. 412, 278 P. 171, the text states:

"Sometimes, because of the peculiar wording of the statute, it has been held that, where the law has been complied with in all respects by those desiring a change in a school district, and the authority for such a change exists, the statute empowering the trustees to make the change, or to do an act necessary to bring it about, is mandatory, and not susceptible of the construction that it gives them a discretion to act or not as they think proper." Citing Albin v. Board of Directors, 58 Iowa 77, 12 N. W. 134; Barnett v. Directors of Independent Dist., 73 Iowa 134, 34. N. W. 780; Odendahl v. Russell, 86 Iowa 669, 53 N. W. 336; Munn v. School Township, 110 Iowa 652, 82 N. W. 323; School Township v. Independent Sch. Dist., 134 Iowa 349, 353, 112 N. W. 5; State ex rel. Moulton v. Consolidated Ind. Sch. Dist., 195 Iowa 637, 192 N. W. 5; Consolidated Ind. Sch. Corp. v. Shutt, 199 Iowa 111, 201 N. W. 335.

See, also, Cutler v. Board of Directors, 172 Iowa 361, 154 N. W. 671, which was an action in mandamus to compel the defendant, Board of Directors, to call an election for the organization of a new district. The lower court dismissed the plaintiffs' petition and this court reversed. The defendant board had refused to grant a petition to call an election. This court said, on page 362 of 172 Iowa:

"* * * it seems to have been the theory of the trial court, as it is of the defendants, that the board of directors is clothed with discretion to grant or deny the request to call an election, and that its finding or decision thereon cannot be vacated

or overruled by the court in a proceeding of this nature. With that holding, we cannot agree."

On page 364 of 172 Iowa, page 672 of 154 N. W. the court further states:

"The language of the statute is mandatory in form, as well as in apparent meaning, and there is nowhere any suggestion of discretion in the board to refuse to call the election when the statutory conditions are complied with. The sole office of the board in such cases is to determine, first, whether the town or village has more than 100 inhabitants, and whether the petition is signed by 10 or more qualified voters, and, if these conditions have been met, then it is their duty to proceed to establish the boundaries and call the meeting of the voters."

In School Township v. Independent Sch. Dist., supra, 134 Iowa at page 353, 112 N. W., page 6, the language of the court is:

"Here it will be observed the right to institute proceedings and bring about a change is with the electors, and it does not matter that some are residents within the territorial limits of one school corporation, and some of one or more others. So, too, the right is altogether imperative as it is arbitrary. The school board to whom the petition is addressed has no alternative but to proceed in accordance with the petition, and follow the lines marked out by the statute."

We are satisfied that the duty to establish the district was clearly mandatory and not discretionary if the prior petitions authorizing the action of the Board were sufficient. It is not the duty of the county superintendent to interpret the law, but such is the duty of the courts, and we think the action was properly brought in the district court.

The sole question is whether the petitions were sufficient to authorize the subsequent action of the Board. In the case of Rodgers v. Independent Sch. Dist., 100 Iowa 317, 69 N. W. 544, it was so held; the court holding that the provisions of the Code as to appeals do not prejudice the right to appeal to the court on the question of the authority of the board of directors.

See, also, Perkins v. Board of Directors, 56 Iowa 476, 479, 9 N. W. 356, 357, in which it is said:

"The courts of the State are arbiters of all questions involving the construction of the statutes conferring authority upon officers and jurisdiction upon special tribunals. It was certainly never the intention of the legislature to confer upon school boards, superintendents of schools, or other officers discharging quasi judicial functions, exclusive authority to decide questions pertaining to their jurisdiction and the extent of their power. All such questions may be determined by the courts of the State."

See, also, Hinkle .v. Saddler, 97 Iowa 526, 66 N. W. 765; Kinzer v. Directors of Independent Sch. Dist., 129 Iowa 441, 105 N. W. 686, 3 L. R. A., N. S., 496, 6 Ann. Cas. 996; Riecks v. Independent Sch. Dist., supra; Harwood v. Dysart Consolidated Sch. Dist., 237 Iowa 133, 21 N. W. 2d 334.

II. Defendants' second proposition is as follows:

"Assuming, for the purpose hereof, that the first proposition is answered in the affirmative, does that part of Section 274.23 of the 1946 Code of Iowa, which provides for the addition to an independent school district of 'such contiguous land as is authorized by a written petition of the majority of the resident electors of the contiguous territory proposed to be added in said district, in subdivisions not smaller than the smallest tract as made by the Government survey in the same or any adjoining school corporations . . .' require that a majority of the resident electors of each Government Section [of] land sought to be included, sign the petition, or does it require only that a majority of all the resident electors residing in all of the territory sought to be included shall sign said petition?"

Plaintiffs do not question the form or substance of the petitions for election, but question only whether or not the signatures thereon are sufficient under the terms and provisions of section 274.23, and do not question the genuineness of any of the signatures on said petitions. With their contention that the petitions are insufficient, we do not agree. The complaint

of plaintiffs is as to the petitions having been obtained at large instead of in each government subdivision. The provisions as to petitions, as contained in section 274.23, need very little, if any, interpretation.

The statute provides that a written petition is required before a Board can act in fixing the boundaries, and also a petition shall be signed by a majority of the resident electors of the proposed added territory. That is, the petition shall be signed by the residents of the contiguous territory. The subdivisions shall not be smaller than the smallest tract made by government survey applies to the territory that shall be included in the district. That is, there shall not be included in the new or enlarged district subdivisions smaller than the smallest government tract. As a matter of fact, the smallest subdivision made by government survey consists of forty acres. The parties to this proceeding agreed that this smallest tract shall include a full section of six hundred forty acres. This agreement of course does not change the statutory size of a subdivision, nor does it bind the court in its consideration of the case, but under either definition of the government subdivision plaintiffs' proposition cannot be sustained. We must hold that the statute requiring that a written petition of the majority of the resident electors of the contiguous territory requires only that a majority of all the contiguous territory proposed to be added need sign the petition. The contiguous territory in this case includes the sections which are proposed to be added.

The provisions in relation to voting upon the proposed district indicates that the contiguous territory was intended to be considered as one tract. In the elections in the matter of voting upon the district it is provided that a separate ballot box shall be provided for the voters of the whole district and for the voters of the territory proposed to be included. Thus indicating that each of these two main subdivisions is to be treated as one tract. The only interpretation of the statute in regard to voting, as well as to petition, is that the contiguous or added territory should be considered as one body of land. In the matter of voting, only a majority of the voters in that territory, and a majority of the voters in the independent district

can authorize the formation of a new enlarged district. See Smith v. Blairsburg Ind. Sch. Dist., 179 Iowa 500, 506, 159 N. W. 1027, 1028, in which it is said:

"The evident design of the legislature was that the sixteen or more sections composing the consolidated district should together constitute an undivided or solid body of land."

If this is the interpretation as to consolidated districts, it is equally true as to the enlargement of independent districts, and in the case of Independent Sch. Dist. v. Independent Sch. Dist., 153 Iowa 598, 606, 134 N. W. 75, where five different elections were held, one in each of the five districts to be consolidated, the fact that there were five instead of one election in the territory was the most serious objection in the case. It would be a strange construction to hold that while the statute provides there need be but two separate elections, one in the added territory and one in the original territory, yet to authorize such elections there must be petitions for each of the government subdivisions.

We find nothing in the statute that would sustain the position of plaintiffs. If interpreted as argued, it would be difficult and sometimes impossible to carry out the intent of the petitioners. One or more government sections failing to file an authorized petition would prevent the addition of such sections, notwithstanding the vote of all the rest of such contiguous territory, and thus render impossible the formation of the extended district. Other difficulties, if the law is so interpreted, might arise where a section might be uninhabited, which is a condition not unknown in the state. We are satisfied that the only logical interpretation of the statute is as we have suggested. It must be our holding that all of the provisions of the statute were properly complied with, and that the action of the Board was proper and legal and that the court was right in so holding.

We are not overlooking the suggestion in plaintiffs' argument as to the progressive policy of the state department of education, in which suggestion they refer to chapter 275 of the Code of 1946, enacted by the Fifty-first General Assem-

bly, chapter 128, and the amendment thereto adopted by the Fifty-second General Assembly, chapter 150.

Chapter 275, Code of 1946, relates to plans of reorganization to be adopted by the county board of education and submitted to the people. Chapter 150 of the Fifty-second General Assembly, an amendment to the foregoing chapter 275, has no application herein for the reason that it did not become effective by publication until in May 1947, while the election in the present case was on April 2d of that year. A provision of said chapter 150 (section 4) of the Fifty-second General Assembly is that no new school districts may be formed or boundaries changed from the effective date of the Act until June 30, 1953, except under provisions of such chapter. Therefore, such law does not affect any of the facts referred to in the present action.

The sufficiency of the petitions calling for the election on the proposed enlargement of the district is the only question in this case. No claim is made that the Board decided wrongfully or abused its discretion in any manner except as to the legality of the petitions filed.

We are satisfied that the action of the Board was duly authorized by the statute; that the court was right in sustaining the motion to dismiss, and the ruling of the court should be and is sustained.—Affirmed.

MULRONEY, C. J., and OLIVER, BLISS, WENNERSTRUM, MANTZ, SMITH, and HAYS, JJ., concur.

GARFIELD, J., takes no part.