SCHOOL DISTRICT TOWNSHIP OF UNION, SCHOOL DISTRICT TOWNSHIP OF CEDAR, ET AL., Appellants, v. INDEPENDENT SCHOOL DISTRICT OF STOCKPORT, ET AL., Appellees.

**Schools:** FORMATION OF DISTRICTS: STATUTES: REPEAL BY IMPLICATION.
1  The repeal of a statute by implication is not favored, and where statutes can stand together although in some respects covering the same ground, but proceedings authorized under one are not available under the other though not expressly or by implication prohibited, then an intention to repeal is not to be inferred.
Under this rule Code, section 2794 as amended, relating to the organization of a new independent school district including the territory of a city, town or village, without limit as to the number of sections of land to be included therein, is not impliedly repealed by Code Supplement 1907, section 2794a, which authorizes consolidation of independent school districts which may or may not include a city, town or village, but which must include not less than sixteen government sections.

**School districts:** ORGANIZATION. The existence of an independent
2  school district, including a city, town or village and adjacent territory, does not prevent the organization of a new independent district, under the provisions of Code, section 2794, as amended, including the same with other territory; and where the new district is regularly created the old district is discontinued.

**Same.** Under the provisions of Code, section 2794, as amended, the
3  board of an independent school district including a town containing more than 250 inhabitants, and contiguous territory taken from other districts and surrounded by sub-districts, may, upon petition for the creation of a new district including the old one

and additional territory, submit the question of formation of a new district to voters residing in the town and those residing outside of the town separately, as all the territory outside of the town constitutes outside territory within the meaning of the statute.

**Same:** REDUCTION IN AREA OF SURROUNDING DISTRICTS. An independent school district may be formed under the provisions of Code, section 2794, as amended, so as to include territory of surrounding subdistricts of school townships, although leaving them with less than four government sections; as the statute providing that no district shall be reduced to less than four sections relates to the reduction in area of a district and not that of a subdistrict.

**Same:** JUDICIAL REVIEW. A court of equity will not undertake to determine the equity or justice of the boundaries of an independent school district, as formed under the provisions of Code, section 2794, as amended, but the proper remedy for a party aggrieved is by appeal to the county superintendent and from his decision to the state superintendent.

*Appeal from Van Buren District Court.*—Hon. D. M. Anderson, Judge.

TUESDAY, DECEMBER 13, 1910.

In this action in equity two school district townships and individual residents and taxpayers of said townships seek to have annulled the proceedings for the formation of the independent school district of Stockport and to have said district and the members of its board of directors enjoined from exercising any authority in consequence of such proceedings, and from taking any steps toward assessing or taxing the property situated within and forming part of the district townships from which territory was taken in the organization of the said independent school district. There was a decree denying relief to plaintiffs, and they appeal.—*Affirmed.*

*Walker & McBeth,* for appellants.

*Mitchell & Hunter* and *W. S. Allen,* for appellees

McClain, J.—Prior to the institution of the proceedings, the sufficiency of which is called in question in this action, there was an independent school district of Stockport which included the territory of the town of Stockport (containing more than two hundred and fifty inhabitants) and contiguous territory which had been taken from the school townships of Union and Cedar in Van Buren County, the dividing line between those two civil townships running north and south through the town of Stockport itself. The original independent district of Stockport was not contiguous to any independent district, but was surrounded by subdistricts of the two school townships above named.

In January, 1910, two petitions were presented to the board of directors of the independent district, one of them signed by the residents of the town, the other by residents of contiguous territory, asking that the board call a meeting of the electors resident within a proposed new independent district including all the territory of the original independent district and other adjacent territory, all of it within subdistricts of the townships above named, for the purpose of having it determined by the vote whether a new independent school district should be established. The number of signers in each case was sufficient under the statutory provision relied upon, hereafter to be quoted, and the board authorized the holding of an election at which there was a sufficient number of votes cast, favorable to the proposition, of voters resident within the corporate limits of the town and of voters resident in the contiguous territory proposed to be included in the new independent district, to authorize its establishment and the board thereupon declared such new district to be lawfully created and ordered a meeting of the electors resident within the newly created district to be had for the election of a board of directors. Such board was duly chosen and the members thereof are made defendants in this action. The question now presented is whether the proceedings for the establish-

ment of the new independent district were regular and duly authorized and its creation legal.

The proceedings called in question were had in reliance upon the provisions of Code, section 2794, which with a slight amendment was in force at the time these proceedings were instituted as section 2794 of the Code Supplement of 1907, unless said section was by implication repealed by chapter 141, Acts of the Thirty-First General Assembly, which is incorporated in the Code Supplement as section 2794a. These two sections of the Code Supplement read as follows:

Section 2794. Upon the written petition of any ten voters of a city, town or village of over one hundred residents to the board of the school corporation in which the portion of the town plat having the largest number of voters is situated, such board shall establish the boundaries of a proposed independent district, including therein all of the city, town or village, and also such contiguous territory as is authorized by a written petition of a majority of the resident electors of the contiguous territory proposed to be included in said district, in not smaller subdivisions than entire forties of land, in the same or any adjoining school corporations, as may best subserve the convenience of the people for school purposes, and shall give the same notices of a meeting as required in other cases, at which meeting all voters upon the territory included within the contemplated independent district shall be allowed to vote by ballot for or against such separate organization. When it is proposed to include territory outside the town, city or village, the voters residing upon such outside territory shall be entitled to vote separately upon the proposition for the formation of such new district by presenting a petition of at least twenty-five per cent of the voters residing upon such outside territory, and if a majority of the votes so cast is against including such outside territory, then the proposed independent district shall not be formed.

Section 2794a. When a written description describing the boundaries of contiguous territory containing not less than sixteen government sections within one or more counties is signed by one-third of the electors residing in such

territory and approved by the county superintendent, of one county, and by the superintendents of each, if more than one county, and by the state superintendent if the county superintendents do not agree, and filed with the board of school corporations in which the proportion of the proposed district having the largest number of voters is situated, requesting the establishment of a consolidated independent district, it shall be the duty of the said board within ten days, to call an election in the proposed consolidated independent district for which they shall give the same notice as required in sections twenty-seven hundred and forty-six of the Code and twenty-seven hundred and fifty of the supplement to the Code, at which meeting all voters residing in the proposed independent district shall be allowed to vote by ballot for or against such separate organization. If a majority of the votes cast at such election shall be in favor of such independent organization, the organization of the proposed corporation shall be completed by the selection of a board of directors as provided in section twenty-seven hundred and ninety-five of the Code, said board to organize on the first day of July following unless that day falls on Sunday, in which case on the day following. All taxes previously certified shall be void as far as the property within the limits of the consolidated independent district is concerned, and all taxes necessary for the new corporation shall be certified and levied as provided in section twenty-seven hundred and ninety-six of the Code, but no school corporation from which territory is taken shall, after the change, contain less than four government sections, which territory shall be contiguous and so situated as to form a suitable corporation. When it is proposed to include in such district a town, city or village, the voters residing upon the territory outside of the town, city or village shall be entitled to vote separately upon the proposition for the formation of such new district by presenting a petition of at least twenty-five per cent of the voters residing upon such outside territory, and if the majority of the votes so cast is against including such outside territory, then the proposed independent district shall not be formed.

I. The most important contention for appellants is

that by the enactment in 1906 of the Act of the Thirty-First General Assembly above referred to now appearing as section 2794a of the Code Supplement, section 2794 of the Code as amended by chapter 126 of the Acts of the Twenty-Ninth General Assembly, was by implication repealed. It is conceded that repeals by implication are not favored, and that if the two sections can stand together, although in some respects they cover the same ground so that in particular instances a proposed proceeding might be instituted under either of them, that is, if proceedings authorized under one might not be available under the other, although not expressly or by implication prohibited, then no intention to repeal is to be inferred. Comparing the two sections it is evident that while in some instances a proposed creation of a new independent school district might be had under either of these two sections there is authority in the first of them for the creation of an independent district which could not be created under the second. The case before us furnishes an apt illustration. Section 2794 authorizes the creation of a new independent district including the territory of a city, town or village of over one hundred residents without limit as to the number of sections of land to be included in such new district while section 2794a provides for a so-called consolidated independent district which may or may not as the case may be include the territory of any city, town or village, but which must include not less than sixteen government sections of land. In other words the first of these sections provides for the establishment of a new independent district which must include the territory of a city, town or village while the second contemplates the formation of a consolidated independent district which may be wholly rural. There are other requirements in section 2794a not found in section 2794, such as that under the latter the approval of the county superintendent is essential, and that no school

*(margin note)* 1. Schools: formation of district: statutes: repeal by implication.

corporation from which territory is taken for the formation of the consolidated district shall, after the change, contain less than four government sections, and that section also contemplates a case where the proposed consolidated district includes territory of two counties. Comparing the two sections, keeping in mind the fact that the first authorizes proceedings which would not be sufficient under the second, and that the second contains limitations not found in the first and not reasonably applicable to proceedings which might be instituted under the first, we reach the conclusion that no implication of an intention to repeal the first of these two sections by the enactment of the second can be entertained.

II. As there are other provisions for enlarging the territory of independent districts by consolidation or otherwise, it is urged that section 2794 above quoted should not be interpreted as applicable to a case where 2. SCHOOL DIS- an independent district has already been TRICTS: or-ganization. created including the territory of a city, town or village and adjacent territory. But the amendment incorporated into that section as given in the Code Supplement substituted "school corporation" for "school township," evidently with the purpose of authorizing the contemplated proceeding where the city, town, or village had already been formed into an independent district or included in such district. In the case of *School Township of Bloomfield v. Independent School Dist.,* 134 Iowa, 349, the section was applied in just such a case as the one before us. Even if what is said in that case on this particular question was not essential in the decision of the issues there presented, nevertheless we think the view there stated to be the correct one, and that the existence of an independent district including a city, town, or village and adjacent territory does not prevent the formation of a new independent district including other territory than that of the independent district already formed. If on proper application an

election is ordered and results in the organization of a proposed new district the old independent district is necessarily discontinued.

III.  The view expressed in the preceding paragraph disposes of the contention for appellant in this case, that the board of the old independent district acted irregularly in submitting the question of the formation of a new district separately to the voters residing within the town and those residing outside the town limits.  All the territory outside the town limits "was outside territory" within the meaning of the statute; for the proceeding was not for the annexation of additional territory to the existing independent district but for the organization of an entirely new independent district without regard to the boundaries of the old district.

3. SAME.

IV.  On the theory that the proceeding in question should have been in accordance with the provisions of Code Supp., section 2794a, it is contended that several of the conditions required by that section have not been complied with, but as we hold the proceeding to have been proper under section 2794 we need not consider these objections. One of these objections is, however, that two or three of the surrounding subdistricts are left with less than four sections of land included within their limits.  There is no such limitation found in section 2794; and other statutory requirements to the effect that no district or corporation shall by the formation of independent districts or the annexation of territory thereto be reduced to less than four sections in area have no application.  They relate to the reduction in area of a district or corporation and not to a like reduction of a subdistrict.  The school townships of Union and Cedar can readjust the boundaries or their subdistricts as they may think desirable in view of the absorption into the new independent district of portions of those

4. SAME: reduction in area of surrounding districts.

districts as previously in existence.  See Code Supp., section 2801.

V.  It is contended with much earnestness in behalf of appellants that the inclusion of territory into the new district was most inequitable and unjust toward the school townships of Union. and Cedar, and especially toward the residents of subdistricts which were left of small area by the inclusion of other portions thereof in such new district.  We do not understand, however, that the court has any authority in this proceeding to inquire into the equity or justness of the boundaries as fixed by the new district.  It is true that in section 2794 above quoted it is provided that such contiguous territory may be included "as may best subserve the convenience of the people for school purposes," but that question is for the board to which the petition for the formation. of a new district is directed and we are not authorized to interfere with its discretion.  In this respect those who complain of the inequity and injustice of boundaries as established were not without remedy.  They might have appealed to the county superintendent under Code, section 2818, and if not satisfied with his decision they might have prosecuted a further appeal to the state superintendent under section 2820.  It is evident that as to these matters of convenience, equity or justice may properly be left in the hands of the school authorities rather than the courts.  The fact that the plaintiffs are in a court of equity on other grounds does not justify a review by the court of a question which the Legislature has confided to the determination of the school authorities.

5. SAME: judicial review.

We find no reason for holding that the organization of defendant district was not legal and proper, and the decree of the lower court is therefore *affirmed*.