SCHOOL CORPORATION OF THE TOWNSHIP OF RICHLAND, WAR-
REN COUNTY, IOWA, Appellant, v. INDEPENDENT SCHOOL
DISTRICT OF HARTFORD, ET AL., Appellees.    (Two cases.)

Schools:    CREATION OF INDEPENDENT DISTRICT:    JURISDICTION OF BOARD.
1   In the organization of an independent school district under the
provisions of Code Section 2794, the board of the school corporation
in which the portion of the town plat having the largest number of
voters is situated, acquires jurisdiction to proceed upon the filing
of the petition by the voters of the corporation.   The petition to
be filed by the voters of the contiguous territory proposed to be
included does not go to the question of jurisdiction, and any error
of the board in passing upon the sufficiency of the second petition
will not defeat its jurisdiction and permit a collateral attack upon
subsequent proceedings.

Same:    APPEAL.   The remedy for one aggrieved by the action of a
2   school board in the organization of an independent district, where
the board has acquired jurisdiction, is by appeal to the county
superintendent.

Same:    CONTIGUOUS TERRITORY.   That some of the government subdi-
3   visions included in the proposed territory, when considered sep-
arately, were not contiguous to the corporation was not a valid
objection to the organization of the district.   If all the subdivisions
included form one contiguous body and such body is contiguous to
the corporation such subdivision is contiguous within the meaning
of the statute.

*Appeal from Warren District Court.*—HON. LORIN W. HAYS,
Judge.

SATURDAY, NOVEMBER 22, 1913.

SUIT in equity to enjoin the defendant school district and
its officers from issuing certain bonds on the ground of al-
leged illegality in the organization of defendant school dis-
trict.   Subsequent to the institution of this suit, a certiorari

proceeding was instituted by the same plaintiff against the same defendants for the purpose of testing the legality of the same proceedings. The two cases were tried together in the court below and are submitted here upon the same briefs. The defendants demurred to the petition in the first suit and moved to quash the writ in the second. The demurrer and motion were each sustained, and the plaintiff appeals.— *Affirmed* on both appeals.

*W. M. Wilson* and *Parsons & Mills*, for appellant.

*Berry & Watson*, for appellees.

EVANS, J.—The proceedings attacked by the plaintiff purported to have been had in pursuance of section 2794 of Code Supplement, which is as follows:

Formation of Independent District. Upon the written petition of any ten voters of a city, town or village of over one hundred residents, to the board of the school corporation in which the portion of the town plat having the largest number of voters is situated, such board shall establish the boundaries of a proposed independent district, including therein all of the city, town or village, and also such contiguous territory as is authorized by a written petition of a majority of the resident electors of the contiguous territory proposed to be included in said district, in not smaller subdivisions than entire forties of land, in the same or any adjoining school corporations, as may best subserve the convenience of the people for school purposes, and shall give the same notices of a meeting as required in other cases, at which meeting all voters upon the territory included within the contemplated independent district shall be allowed to vote by ballot for or against such separate organization. When it is proposed to include territory outside the town, city or village, the voters residing upon such outside territory shall be entitled to vote separately upon the proposition for the formation of such new district, by presenting a petition of at least twenty-five per cent. of the voters residing upon such outside territory, and if a majority of the votes so cast is against including such outside territory then the proposed independent district shall not be formed.

It is conceded that a petition was presented to the school board of the defendant school district signed by ten voters of Hartford, a village of over one hundred residents. A further petition was presented to the same board signed by seventy-one voters residing in contiguous territory outside of such village and which was proposed to be included in the new district. Such second petition purported to be signed by a majority of the voters resident in such contiguous territory. The school board found such to be the fact. In pursuance of such petition an election was called in due accord with the provisions of the statute. By proper petition the ballots of the voters of such contiguous territory were deposited in a separate ballot box. The proposed new district included eighteen sections of territory of the plaintiff, a school district township. We infer from the arguments that the proposition for the organization of such new independent school district was carried by a majority of the voters of the village and by a majority of the voters of the contiguous territory.

The principal point of attack by plaintiff is that the seventy-one signers of the second petition did not in fact constitute a majority of the voters resident in such contiguous territory; it being averred that such contiguous territory contained more than one hundred and fifty voters. It is the claim of plaintiff, appellant, that because of such fact the school board was without jurisdiction to proceed, and that all subsequent proceedings were therefore void and subject to collateral attack.

We have frequently held in similar cases that the jurisdiction of the board attached by the presentation of the first petition, and that it devolved upon the board to canvass the second petition and to ascertain whether or not it contained a majority of the voters as provided by the statute. If it erred in its conclusions, its jurisdiction was not thereby defeated. The purpose of the second petition and the canvass

1. Schools:
creation of
independent
district: juris-
diction of
board.

thereof was preliminary only. It was intended to fix the boundaries of the proposed district for the purpose only of submitting the question to a vote of the electors at the election called for that purpose. The determination of the question thus proposed rested not with the board but with the voters at the election. The veto power still remained with the voters of the contiguous territory. They were empowered to vote down the proposition by a majority of the votes within the proposed new territory.

Under the provisions of section 2818 the plaintiff was empowered to appeal from the action of the board to the county superintendent, but it did not avail itself of such privilege. It has frequently been held that this was its appropriate remedy. *Independent District v. Board,* 25 Iowa, 305; *Munn v. District Township,* 110 Iowa, 652. That an error of the board in the canvass of the second petition did not defeat its jurisdiction is settled by the following cases: *Ryan v. Varga et al.,* 37 Iowa, 78; *West v. Whitaker,* 37 Iowa, 598; *Baker v. Board,* 40 Iowa, 226; *Bennett v. Hetherington,* 41 Iowa, 142; *Oliver v. Monona County,* 117 Iowa, 49.

2. Same: appeal.

It is argued by the appellant that some of the territory included in the new district was not contiguous to the village of Hartford within the meaning of the statute. The record shows that eighteen sections were included, but it does not disclose which sections they are. If we understand the appellant's position, it is that some of the sections considered separately are not contiguous to the village. This would necessarily be so. No contiguous territory could be included but what its remoter parts, considered separately and alone, would be noncontiguous to the village. It is not claimed but that the sections included form one continuous body and that such body is contiguous to the village. Defendant's argument, if sustained, would make it impossible to include any contiguous territory beyond the forty-acre tracts lying upon

3. Same: contiguous territory.

the line of contiguity.  We think the contention is without merit.  The respective orders of the trial court in each case are affirmed.—*Affirmed* on both appeals.

WEAVER, C. J., and LADD and PRESTON, JJ., concur.