CHARLES L. CUTLER et al., Appellants, v. BOARD OF DIRECTORS OF THE INDEPENDENT DISTRICT OF MAPLE GROVE et al., Appellees.

SCHOOLS AND SCHOOL DISTRICTS: Formation of Districts—Territorial Limitation—Conflicting Statutes. An independent school district may be legally formed under Sec. 2794, Code Sup., 1913, with less than two sections of land, irrespective of such limitation in Sec. 2798, Code. Said sections provide separate and distinct schemes for the organization of such districts. It follows that any 10 voters of an incorporated town having a population of over 100, the corporate limits of which town comprise less than two sections, but which lies wholly within an independent district, may, by proper written petition presented to the board of directors, under Sec. 2794, force an election in such town limits on the question whether the people of such town will organize such town territory into an independent district.

EVANS and PRESTON, JJ., dissent.

*Appeal from Polk District Court.*—HON W. H. McHENRY, Judge.

THURSDAY, OCTOBER 28, 1915.

ACTION of mandamus to compel the defendant board of directors to call an election for the organization of a new district. Petition was dismissed and plaintiffs appeal.—*Reversed* and *Remanded.*

*J. A. Dyer*, for appellants.

*Bowen & Alberson,* for appellees.

WEAVER, J.—The town of South Fort Des Moines has been duly incorporated under the laws of the state. Its boundaries

include a half section of land, all of which is a part of the Independent District of Maple Grove. It has a

SCHOOLS AND
SCHOOL DIS-
TRICTS : forma-
tion of dis-
tricts : terri-
torial limita-
tion : conflict-
ing statutes.

population of 400, and plaintiffs are voters residing therein. The controversy in this case arises as follows: 42 voters of the town of South Fort Des Moines signed and presented to the board of directors of the Independent District of Maple Grove a petition for the establishment of a new independent district, which should include all the territory of said town, and that an election be called for that purpose, as provided by statute, Sec. 2794, Code Sup., 1913. The defendant board of directors refused to grant the petition or to call an election as therein requested. This action was thereupon begun to require the board to call an election and permit the voters of the town to express their wishes upon the question of establishing the new district. The district court found in favor of the defendants, and plaintiffs appeal.

The truth of the statement of facts, as above related, is conceded; but it seems to have been the theory of the trial court, as it is of the defendants, that the board of directors is clothed with discretion to grant or deny the request to call an election, and that its finding or decision thereon cannot be vacated or overruled by the court in a proceeding of this nature. With that holding, we cannot agree.

It is to be regretted that a multiplicity of changes and amendments makes it frequently a matter of no little difficulty to avoid confusion in the administration of our school laws; and, among other things, no little litigation has arisen with respect to the organization of independent districts. We think, however, that the particular question here presented is not open to substantial doubt. The legislature, in its wisdom, has recognized the fact that, owing to variety of local conditions, a method or plan of organization which is suitable or convenient in one case may not be in another; and, to meet the varying wants of school communities, has provided different proceedings by which the desired end may be

accomplished. By Code Secs. 2744 and 2754, school corporations are classed as school townships, independent school districts of cities and incorporated towns, and rural independent districts. Each of these corporations is managed by a board of directors.

For the formation of new independent districts, the following provisions are made: Sec. 2794, Code Sup., 1913, directs that, upon the written petition of 10 voters of a city, town or village of over 100 residents to the board of directors of the school corporation in which the city, town, or village is situated, such board shall establish the boundaries of the proposed independent district, including therein not less than all of such city, town or village, and shall give notice of a meeting of which all voters within the territory of such proposed district shall be allowed to vote by ballot for or against such separate organization. If the vote is in favor of establishing a new district, then it is provided by Code Sec. 2795 that the organization shall be completed by an election of a board of directors for its government.

It will be noted that the foregoing appears to be expressly provided for the benefit of cities, towns and villages desiring to be organized into independent districts of the first class or kind above mentioned. The next section, Code Sec. 2797, provides the manner of creating and organizing new rural independent districts. Following this, Code Sec. 2798 provides a plan by which, upon proceedings initiated by the board of directors of one or more independent districts, such districts may be subdivided, or territory be transferred from one district to another; but, in proceedings thus begun, no district shall be reduced to less than two government sections, provided, however, that if there be within the territory "a town or village, with not less than 100 inhabitants", it may be organized with a territory of two square miles, if so voted by a majority of its electors. The more recent statute relating to consolidated districts does not affect the question here

under consideration, and we omit further reference to its provisions.

The net effect of the several code sections to which we have referred makes it very clear that the law contemplates the right of all cities, towns, and villages of more than 100 inhabitants to organize themselves into independent school districts, and that, upon presenting the proper petition to the board of directors of the school corporation in which their territory is embraced, it is mandatory upon the board to fix the boundaries of the proposed district, and call a meeting or election, at which the body of voters may, by ballot, express their preference for or against separate organization. The language of the statute is mandatory in form, as well as in apparent meaning, and there is nowhere any suggestion of discretion in the board to refuse to call the election when the statutory conditions are complied with. The sole office of the board in such cases is to determine, first, whether the town or village has more than 100 inhabitants, and whether the petition is signed by 10 or more qualified voters, and, if these conditions have been met, then it is their duty to proceed to establish the boundaries and call the meeting of the voters.

The proceedings authorized by Secs. 2794 and 2798 are distinct. The former is initiated by the people, and, while a minimum limit is placed upon population, none is imposed upon the territory to be organized. The latter is initiated by the board of directors, and, while a minimum limit is placed upon the territory, none is imposed upon the population required for organization. Both sections can be given effect without destroying either.

Thus far we have addressed ourselves to the question solely as one of statutory construction, but it seems also to have already been settled by authoritative precedent. *Munn v. School District*, 110 Iowa 652. We there said that if, in a proceeding under this statute, it appears that the village has more than 100 residents, and the proper number of the

voters have signed the petition, "no option is left save to fix the boundaries of the proposed district and order the election". So also in the case of *School Township of Bloomfield, etc., v. Independent School Dist.*, 134 Iowa 349, it was held that when the proper preliminary steps have been taken by the petitioners, "the school board has no alternative but to proceed in accordance with the petition and follow the lines marked out by the statute". That the statutory provision against organizing independent districts with less than two sections of land has no application in a proceeding of this kind under Sec. 2794 is expressly held in *Rural School District v. Kelley*, 120 Iowa 119. It has also been decided that Sec. 2794 has not been repealed by later legislation with reference to independent districts. *School District v. Stockport*, 149 Iowa 480.

The right of the petitioners and of the people whom they represent to have an election upon the organization of an independent district is, therefore, beyond the domain of fair dispute. They have a population four times the minimum prescribed by the statute. The petition presented to the board was signed by more than four times the number of voters required to authorize the call of an election, and the board having refused to proceed, a writ to compel such action should issue.

It is not for the board of directors, nor for this court, to consider whether the movement on the part of the petitioners is a wise one, and the possibility or probability that the proposed district may not be able to successfully maintain a creditable high school cannot affect the merits of this case, if, as we hold, the right contended for by the plaintiffs has been clearly conferred upon them by the statute. A community of 400 Iowa people ought to be able to care for themselves fairly well in a matter so closely and vitally affecting their interest as the maintenance of a public school, suited to the educational needs of their children; but, be this as it may, the legislature has given them the right which they

assert, and it is the duty of the courts to respect it. The judgment below will be reversed and cause remanded, with direction to the district court to issue a writ of mandamus as prayed in plaintiff's petition.—*Reversed* and *Remanded.*

DEEMER, C. J., LADD and GAYNOR, JJ., concur; SALINGER, J., specially concurs; EVANS and PRESTON, JJ., dissent.

SALINGER, J., concurring.—Whether the question at bar has been determined by our holdings is, to me, a matter of so much doubt that I prefer to treat it as one of first impression. Sec. 2798 deals with the subdivision of independent districts, and provides that the proposed new district shall, in no event, contain less than two government sections of land. The district here proposed contains less than two sections. Sec. 2794 deals with the formation of independent districts, and has no expressed limit upon the territorial size of the proposed district, and is the reliance of appellant. The essence of the controversy here is over whether the theory upon which the trial court seems to have proceeded is sound. That theory is: As action under either statute may result in the division of an independent district, there should be read into the section which does not contain any territorial limit the limit expressed in the other section; that, unless this be done, the provisions of the particular statute which defines the minimum territory are, or may be, rendered inoperative by proceeding under the statute which has no such limitation; that if, instead, the limitation contained in Sec. 2798 is put into Sec. 2794, it will avoid the crippling of Sec. 2798 and defeat attempts to do substantially what Sec. 2798 permits, without observing the limitations which it imposes. Even if what is attempted under the sanction of a statute which has no expressed territorial limitations may, in effect, result in the severance of independent districts, and though another statute which deals in terms with severance requires the district detached to have not less than a certain area, it does not follow, of necessity, that we should read provisions of said last statute

into the other, and does not follow at all if both statutes may be effective without such ingrafting of limitations. If we may find that the legislature has purposely omitted in one statute the limitation which it has put into the other, we are clearly without the right to inject into the second statute the limitations of the first, by construction, even if we entertain the belief that the same limitations should have been put into both. The expediency of such limitations is for the legislature. The controlling question is, then, whether each of the sections as written, and without resort to construction, has its own field of operation. Paraphrased, whether the legislature considered that in one field the limitation was required, and that in the other, it was not.

As I view it, Sec. 2798, so far as it needs construction here, deals in terms with the subdivision of independent districts, and has two provisions: first, the proposed new district may include within its territory a town or village with not less than 100 inhabitants; second, it shall, in no event, contain less than two government sections of land. The district contemplated by this statute has its boundaries defined by the board of the original independent district, and is formed upon the initiative of the board, by the assent of the majority of the electors residing within the limits of the new independent district created by subdividing an existing larger independent district.

Sec. 2794 deals with the formation of independent districts, and the formation must be initiated by the written petition "of any ten voters of a city, town or village of over 100 inhabitants". Sec. 2798 sanctions the subdivision of an independent district, whether it contains a town or village or not. It merely provides that, if the proposed district does not contain a town or village of at least 100 inhabitants, a larger territory is necessary. It follows, manifestly, that Sec. 2798 contemplates new districts inhabited only by a farming population, or one with such population plus a town or village of not less than 100 inhabitants. It is equally mani-

fest that Sec. 2794 contemplates the formation of a new independent district on the initiative of voters "of a city, town or village", provided it is one that has more than 100 residents. The one contemplates segregation of farm land districts, with the possible addition of small urban settlements; the other, the movement of a city, town or village to obtain school facilities to meet the conditions prevailing in them as cities, towns or villages. It needs no exhaustive analysis to demonstrate that the legislature might deem a territorial limitation necessary in its authorization of the first movement, and needless as to procedure under the other statute. One section of land occupied by a city might readily be better able to sustain a new district than six sections occupied by a purely agrarian community. It is true that forming what I treat as an urban district is permitted to an urban community of just 101 inhabitants, and the right to form under the statute which has no territorial limits denied to a rural district which contains a village having as many as 100 inhabitants. On the other hand, it may happen that the village, city or town referred to possesses large amounts of taxable property and thousands of inhabitants. In the extreme cases, where the one has just 100 inhabitants, and the other just 101, there may be no special justification for what seems to have been the legislative policy. Neither is there any substantial differentiation to be made between the mental capacity of one who lacks a single day of being 21 and another who is just one day past his 21st birthday. But in statutes where numbers of inhabitants or the presence of years are involved, there must be an arbitrary line of demarcation somewhere, and, arbitrary or no, I think the legislature made one here. There being thus a reasonable explanation why the legislature imposed the territorial limitation in one act and omitted it in another, it follows that we have no right to override its judgment, and to say that both statutes, in our opinion, should have the same limitation, and that, therefore, both contain it.

The foregoing analysis of the legislative intent gives to each of the statutes under consideration its just and proper effect.

With all due deference, I think the dissent deals rather with the expediency of the statute than with what its true construction is. While the starvation that might be the lot of the town that has just 99 inhabitants might as well be that of one that has just 101, the legislature has seen fit to guard against such consequences to the town of 101 inhabitants by authorizing the body of the electors in the proposed district to overrule the relatively few petitioners by voting against the formation of the proposed district. In other words, if the proposed district is thought to be too small to be self-sustaining, its electors can prevent its being created. The legislature intended this power of rejection at the polls, rather than judicial legislation, to be the safeguard.

PRESTON, J., dissenting.—I regret that I am unable to agree with my brothers in this matter which to them seems so plain. It appears to me that there is some conflict between some of the sections of the statute, particularly Secs. 2794 and 2798. I am willing to admit that a close question is presented. To arrive at the conclusion of the majority, it seems to me that the provisions of Sec. 2798 are overlooked or ignored. That section is as follows:

"Sec. 2798. Independent districts may subdivide for the purpose of forming two or more independent districts, or have territory detached to be annexed with other territory in the formation of an independent district or districts, the board of directors of the original independent districts to establish the boundaries of the districts thus formed, such new districts to contain not less than four government sections of land each; but in case a stream or other obstacle shall debar a number of children of school privileges, an independent district may be thus organized containing less territory; or, if such new district shall include within its territory a town or village with not less than one hundred inhabitants, it may in

like manner be made up of less territory; *but in neither case shall the new district contain less than two government sections of land,* nor be organized except on a majority vote of the electors of each proposed district, and the proceedings for such subdivision shall in all respects be like those provided in the section relating to organizing cities and towns into independent districts, so far as applicable.''

I do not understand that it was the theory of the trial court or of defendants that the board of directors is clothed with discretion to grant or deny the request to call an election; but they claim, as I gather it, that because in this case the new or proposed district contains but one half-section of land, and because Sec. 2798 of the Code provides that a district may not contain less than two sections, there is no authority or power in the board of directors, or even in the electors, to create a district containing but one half-section. They concede that, if there is authority in the statute to do what the petition has asked, then, under the authorities, there is no discretion in the board. There would be no occasion to call an election to vote on the proposition of organizing or setting off a district consisting of but one half-section of land if a district of that size is prohibited, as I think it is, by Sec. 2798 above set out.

There are some further facts appearing in the agreed statement and record which I think should be noticed. I shall endeavor not to repeat any matters set out in the statement of Justice Weaver. It appears that the petitioners are residents of the incorporated town of South Fort Des Moines; the town comprises the southwest quarter of Sec. 27 and the southeast quarter of Sec. 28, and is wholly within the corporate limits of the defendants' school district; petitioners ask the board to establish the boundaries of a proposed independent district comprising said one half-section of land and comprising all the territory within the boundaries of the town, and to set

off such territory from the Independent School District of Maple Grove.

Defendants, by answer, allege that the petition as presented was in fact a petition for the subdivision of the Independent School District of Maple Grove into two independent, districts, which would be contrary to Sec. 2798 of the Code, and that, if the territory in the town should be set off as prayed, it would comprise only one half-section of land, and the balance of said independent school district would be reduced to less territory than four government sections; that Sec. 2794 does not apply to the conditions existing in said school district of Maple Grove; that said school district had been organized and existed as an independent school district for many years, and, as originally organized, comprised about five sections of land; and that, after its organization, and about 10 years prior to this controversy, the United States government purchased an entire section of land, and thereby withdrew said section from the territory of the Independent School District of Maple Grove, so that there remained less than four sections of land; that, prior to said withdrawal of said section of land by the government, a schoolhouse had been located and erected, which site was about the center of the district as it then existed; that said schoolhouse is located immediately west of and across the street from the west line of the territory proposed to be withdrawn, and not more than one-half mile from the residence of the greater number of school children within the limits of the town, and is within one mile of the extreme limits thereof, and is more convenient to the school children residing in the town than to most children residing outside of said territory and within the territory comprising the balance of the district; that the schoolhouse so erected was a four-room brick building, situated upon the southeast corner of the southwest quarter of Sec. 28; that it was originally designed and has been so constructed that an addition of four rooms may be made thereto and a high school established and carried on in said building, and that it has

been the intention of the members of the board to erect said additional four rooms and establish a high school therein as soon as the finances of the district warrant; that, if the petition of plaintiffs be granted, the setting off of said proposed territory would greatly hinder and delay the defendants in establishing a high school as contemplated. The matters alleged in the answer as to the organization of the school district, location and character of the schoolhouse, and the intention of the board to establish a high school, and the taking of one section by the government, are admitted.

A plat of said independent school district, showing the original lines, the section taken for an army post, the location of the town of South Fort Des Moines and the location of the schoolhouse was made part of the stipulation as to the facts, and is here set out.

No objection was made to the petition presented to the board of directors as to its sufficiency or the signatures thereto or qualifications of petitioners thereto. As said, it is conceded that the town has a population of more than 100 and that more than 10 of the voters signed the petition. This being so, plaintiffs contend that they are entitled to a writ of mandamus to compel the calling of an election. They contend that Sec. 2794 of the Code Supplement, 1913, applies, and that thereunder an independent district may be organized, comprising only the town; while defendants contend that the question is whether an independent district may be divided into two

separate independent districts, each of which will contain less than four government sections of land; and that the territory proposed to be set off comprises less than two sections, contrary to the provisions of Sec. 2798 of the Code; and their claim is that the last mentioned section applies to the situation as it exists in this case.

There has been a slight change in Sec. 2794 since this controversy arose, but it does not materially affect this case, I think. The petition to the school board, and the refusal of the board to grant it, was in January, 1914, and the petition for mandamus was filed January 30, 1914, so that these two statutes are construed as of those dates.

Such a situation as we now have has not been before presented or decided. I find it difficult to satisfactorily harmonize the two sections relied upon. Under Sec. 2794, an independent district comprising the town alone, if of the requisite population, or such town with contiguous territory may be formed; that is, an independent district comprising the town alone may be formed by carving it out of another independent district, by which the territory in the town alone will constitute a new district. In the instant case, it is not proposed to take into the new district any territory contiguous to the town, and this section does not place any limitation upon the number of sections of land or the territory to be included. But, by so doing, it necessarily subdivides the original independent district into two independent districts. Call it what we may, that is precisely the effect of forming, out of the Maple Grove Independent District, a new district comprising the town. Under Sec. 2798, this may not be done even if the new district includes a town, unless the new district shall contain two government sections of land. As we shall see later, the two sections ought to be construed together.

In *State v. Board of Directors,* 148 Iowa 487, at 492, we said: "Concededly it is desirable that when an independent district is once organized and incurs expense, and levies taxes in pursuance of the purpose of its organization, there

be as much stability in such organization in its territory and boundaries as is consistent with the public interest."

We are not so clear that Sec. 2794 alone applies that we would feel justified in interfering with the organization of the Maple Grove Independent District by requiring a writ of mandamus to issue, as asked by plaintiffs. Plaintiffs contend that Sec. 2794 is mandatory, and cite *Munn v. School Township,* 110 Iowa 652. They also cite cases wherein Sec. 2794 has been the subject of recent discussion. *Rural School District v. School District of Kelley,* 120 Iowa 119; *School Township of Bloomfield v. Independent District,* 134 Iowa 349; *School District v. Jones,* 142 Iowa 8; *School District v. Independent District of Stockport,* 149 Iowa 480; *Wallace v. School Corporation of Lakeville,* 150 Iowa 711. Though not cited, see also *School Corporation v. Independent School District,* 162 Iowa 257. In the case of *School District v. Jones, supra,* at page 11, it was said, "The design of Sec. 2794 of the Code seems to have been to enable the inhabitants of a city or incorporated town to form an independent school district of its territory and that contiguous thereto." But in that case, the question was as to the incorporation of a town embracing several districts and the effect of such action. The question as to the extent or amount of territory required under the provisions of Sec. 2798 was not involved or determined.

In the case of *School District v. District of Kelley, supra,* it was ruled that "the reduction in size of the plaintiff independent district to less than four sections of land will not prevent its continued existence and does not constitute any obstacle to the incorporation of the defendant district." But the question in that case, as stated by the court, was: "Whether Code Sec. 2794, which provides for such a proceeding, is applicable to this case; that is, whether that section, which provides for a petition to the board of directors of the school township in which the larger number of inhabitants of the town reside, for the creation of a district at least co-extensive with the town limits, and composed of territory of

the school township to which the application is made and an adjoining school township, is applicable where the town includes territory which is a part of one or more independent districts." In that case, a part of the town was in one district or township, and the other part of the town in another. But Sec. 2798 itself provides that a district may consist of less than four sections, under certain conditions, but that, under neither of the conditions. named, may the new district contain less than two government sections.

In the case of *School District v. Independent District of Stockport*, 149 Iowa 480, it was ruled that Sec. 2794 is not impliedly repealed by Sec. 2794-a, Code Supplement, 1907, and that the existence of an independent school district, including a city, town or village, and adjacent territory, does not prevent an organization of a new independent district, under provisions of Code Sec. 2794, as amended, including the same with other territory. It will be seen that, in all the cases cited by plaintiff in which Sec. 2794 is considered, there was the consolidation or division of two or more school districts, both independent, and subdistricts of district town-ships, or the setting off of an independent district from a school township. In none of them is the question of the subdivision of an independent district considered or determined. The most that may be claimed from the authorities cited is that the court has held that, in the formation of any districts, under the provisions of that section, an independent school district may have territory taken from it, even though it reduces the district to less territory than four sections. It is argued for plaintiffs that Sec. 2798 deals with two or more independent districts because the heading of this section is in the plural number—"Subdivision of Independent Districts"— and that, in the body of the section, it reads that independent districts may subdivide, and that such section refers solely to subdivisions of two or more already existing independent districts and, for this reason, has no application to the facts in this case. But we think this does not necessarily refer to

more than one district; though there is some language in *School District v. District of Kelley,* 120 Iowa, at 122, wherein Sec. 2798 is described as relating to "subdivision of an existing independent district by concurrent action of the boards of directors of the two districts", etc. But I think plaintiffs' point here is not well taken. This section simply affords the right to all independent school districts in the state to subdivide; that is, the provisions of the statute are not confined to one district only, but to all districts in the state. Defendants contend that the proceeding on the part of plaintiffs contemplates the subdivision of the Independent School District of Maple Grove into two independent school districts, and is contrary to Sec. 2798, for that the new district would contain but one half-section of land, and that the old district remaining would contain less than four sections; that Sec. 2794 applies to a town or village in which there are two or more school districts or parts of two or more districts; that such section is not applicable to a case where only the subdivision of an independent district is asked for. The defendant school district of Maple Grove, as originally created, consisted of almost five sections of land. It has been reduced to the extent of one section by the government, and it is now contemplated by appellants to further reduce it another half-section. It is claimed by defendants that the district has now a population and an assessed valuation to warrant the carrying on of a high school, and it is conceded that such is the intention of the board of directors, if it shall remain as it now exists. To divide it into two districts, would, in all probability, deprive the children of both districts of high school advantages for some time. The district has a modern brick schoolhouse centrally located, and it is the intention to add additional rooms sufficient for the purposes just indicated. These facts are not in themselves sufficient to warrant refusing the relief asked by plaintiffs if the law so requires; but, as before stated, we ought not to interfere with the present organization of the district unless Sec. 2794 clearly applies.

The tendency of the later legislation on the subject of school districts has been toward the enlargement of the territory. See Sec. 2794-a (Chapter 143, 34th G. A.); also Sec. 2793, as amended by the 34th G. A. It may be noticed that Sec. 2794, as it was originally enacted, applied only to district townships in which was located a town, and provided for the separation of such town and contiguous territory from the district township. This was amended by the 29th G. A., by which "school townships" were changed so as to read, "school corporations". If it can be held that an existing independent school district can be subdivided into two independent districts under Sec. 2794, it must be upon the theory that the amendment of Sec. 2794, adopted by the 29th G. A., repeals Sec. 2798; Sec. 2794, as originally adopted, did not conflict with 2798. 2794 was enacted before 2798. Repeals by implication are not warranted unless necessity therefor exists. We think that there is no such necessity and that 2798 was not repealed; and, if this is true, then its provisions must govern, at least so far as the extent of territory to be taken is concerned, even though division might be made under Sec. 2794. In other words, if both exist and both are applicable to the division of the independent school districts, then both ought to be considered together and the provisions of both made applicable and the limitations of territory provided by Sec. 2798 made applicable to a case like the one at bar. I may add that, if it were a question for the court, we would doubt the wisdom of making the division contemplated; but that, doubtless, is, or would be, a question for the electors, if Sec. 2794 alone applied to the situation.

For the reasons stated, I am of opinion that the judgment of the district court ought to be affirmed.

EVANS, J., dissenting.—I join with the dissent. The defendant independent district in question contains the minimum territory of four sections. This includes the municipality of South Fort Des Moines, which comprises a half-section

of territory. The proposal of the petitioners is to cut off' this half-section and form the same into a new independent district, which will be coterminous with the municipal corporation. It seems to me that this proposal of the petitioners would be in clear violation of Sec. 2798. Under this section, the general minimum limit of territory is fixed at four sections, subject to certain contingencies; and under no condition is it permitted to organize a new district with less than two government sections. Sec. 2794 will bear a construction consistent with Sec. 2798.

So far as the practical result of such a construction is concerned, I am impressed that it is less objectionable than that adopted by the majority. If this independent district is organized to comprise village territory only to the extent of a half-section, it will manifestly tax the territory to death to maintain the school expenses. Four sections would seem to be small enough as a minimum territory. It has never been deemed essential that the limits of the municipal corporation and of the independent district shall be coextensive. It is well-known that usually the boundaries of the independent district are pushed beyond those of the municipal corporation. At least, such is the fact in the smaller towns. Nearly all of them have pushed the boundaries of the independent district to take in more territory than the town proper. This has seemed a practical necessity, in order to maintain an independent district at all. If it be permitted in the present case to organize a new district upon this half-section, then, of course, the inhabitants of this small territory can locate a schoolhouse within their own territory and can levy taxes therefor. The location being thus secured and the debt for the building incurred, I suspect that thereafter every energy will be directed to efforts to include within the district the remaining three and one-half sections of the present district. The ultimate object will be to get back where they are now, so far as territory is concerned. While turning the circle, some advantage may be won or lost in the schoolhouse loca-

tion. I am impressed that no real hardship can be imposed upon a municipal corporation in such a case to let it work out its school problem through the existing school organization, which is already reduced in its territory to the minimum limit, and I feel sure that such is the intent of Sec. 2798. I would affirm the order of the district court.