Consolidated Independent School Corporation of St. Anthony, Appellant, v. C. E. Shutt, County Superintendent, et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS:** Formation of District—Appeal. An appeal lies to the county superintendent from the decision of the board on a petition for the formation of an independent district under Sec. 4141, Code of 1924.

Headnote 1. 35 Cyc. p. 835.

*Appeal from Marshall District Court.*—B. F. Cummings, Judge.

December 27, 1924.

Appeal from the judgment of the district court dismissing certiorari proceedings instituted by appellant against the superintendent of schools. Plaintiff appeals.—*Affirmed.*

*C. H. Van Law,* for appellant.

*A. B. Hoover* and *Fred E. Hansen,* for appellees.

Preston, J.—By the certiorari proceedings, appellant challenged the authority of the county superintendent of schools of Marshall County to hear certain questions purporting to have been raised by appeal to the county superintendent of schools from the action of the board of directors, with regard to certain territory sought to be incorporated into a new independent school district, under Section 2794, Code Supplement, 1913. Electors residing upon adjacent or contiguous territory without the town of St. Anthony, Marshall County, had petitioned the board of directors of appellant district to establish the boundary lines of a proposed independent school corporation, to include the contiguous territory described in the petition and all of the

territory included within the corporate limits of the incorporated town of St. Anthony. Included in the adjacent territory were certain lands in Rural Independent School District No. 4, Liberty Township, Marshall County, and certain lands in Rural Independent School District No. 1, Sherman Township, Story County. A similar petition had been signed by electors residing within the town of St. Anthony. The town has more than 100 residents. No question is raised as to the sufficiency of the petitions as to form, or as to the number of electors signing the same, or that the territory described in the petitions is not contiguous to the incorporated town of St. Anthony. These petitions came before the board of appellant district on April 20, 1922, and on that day the board passed a resolution finding that the statute had been complied with as to signers, and established the boundaries of a proposed independent school district, including all the incorporated town of St. Anthony and the contiguous territory described. It also ordered an election to be held on the proposition May 5, 1922. Due notice of the election was given. Some of the electors petitioned for separate ballot boxes. The election was held. There was a majority in favor of the proposition, both within and without the corporate limits of the town. The vote was 21 to 9 in the town, and 37 to 32 outside. On May 5, 1922, the appellees, the school districts and certain individuals in each of them, appealed to the county superintendent from the action of the board of directors of appellant district of April 20th, alleging in the affidavit filed with the county superintendent on that date, as a basis for said appeal, that the boundaries of the district in Story County will be cut to two government sections, if such proposed change is carried at the election, which leaves said district with a territory not in conformity with Section 2798 of the Code of 1897; and that, if said proposed Independent School District of the town of St. Anthony be established, it would destroy the district in Story County, in that it would make it impossible for said district to maintain a proper school, for the following reasons: Lack of taxable valuation; lack of sufficient number of pupils; difficulty of transporting pupils to other schools; economic conditions; situation of territory; and inconvenience of roads. It was also alleged that said

district in Story County would not be better served by the proposed change, but would be injuriously affected thereby. Similar grounds were set up as to Rural District No. 4 in Marshall County. Notice of this appeal from the order of the board was given by the superintendent to the different parties, which fixed the date for hearing, and required appellant district to file with the county superintendent a complete transcript of the records and proceedings. These notices are dated May 5th. There is some confusion in the record as to the name of appellant district and its character. In the petition for writ of certiorari, it denominates itself the consolidated independent school corporation, etc. In other places in the record as to the proceedings had, the name is given as Independent School District of St. Anthony, Marshall County. The petition for the writ was filed June 24, 1922, after the election; and appellant doubtless then considered itself a consolidated district. This is as near as we can get at it from the record.

Appellant, two days before the date set for the hearing of the appeals, met the appeal to the county superintendent by the petition for the writ of certiorari herein. The grounds of complaint in the petition for the writ are, in substance, that the appeals raised questions as to which the county superintendent had no jurisdiction,—no discretion. A return to the writ was made by the county superintendent, setting out the proceedings; but he declined to contest the certiorari proceedings, doubtless because the appeals were pending before him,—though we do not find in the record that this was the reason. The appellant did not make the appealing districts parties to the certiorari proceeding. Upon the refusal of the county superintendent to defend, the school districts intervened, each filing a motion to dismiss plaintiff's petition and to quash the writ. The motion was treated by the court as a special demurrer, and was sustained. There was no evidence taken, but the case was determined upon the pleadings and return. It is appellant's sole contention that, upon the filing of the petitions with the board of directors of the St. Anthony district, there was no discretion in the board, and that the statute is mandatory, and that there was nothing for the board to do but submit the matter to the

voters; and further, that the county superintendent has no jurisdiction to fix the boundaries of a proposed district.

Appellant cites *Cutler v. Board of Directors,* 172 Iowa 361, 364. That was an action in mandamus, to compel the board of directors to call an election; and it was held that there was no discretion in the board, and that mandamus would lie,—that is, as to the board. In the instant case, the election was held; so that mandamus would not lie to compel the board to call an election, where the election had taken place. But there was no question in the *Cutler* case as to the right of appeal to the county superintendent. We have held that the county superintendent may, in some cases, have certain powers in fixing and determining boundary lines. *Brooker v. Ludlow,* 189 Iowa 760; *State v. Consolidated Ind. Sch. Dist.,* 190 Iowa 903, 907. See, also, Chapter 149, Acts of the Thirty-eighth General Assembly. In neither of the cases just cited was the right of appeal to the county superintendent in question. Under some circumstances, the county superintendent must pass the question on, to the board of education. *State v. Consolidated Ind. Sch. Dist.,* 190 Iowa 903. It is unnecessary to discuss that matter in further detail now. It is our purpose to narrow the decision to the one question presented, as to whether the parties have a right to appeal to the county superintendent, and whether there was any question raised on the appeal which the county superintendent could determine. We think there was. While it may be true, as contended by appellant, that we have held that the desirability and necessity for the independent district is for the determination of the electors, still, under the statute and our decisions, there is something for the board to do,—or the county superintendent, on appeal.

It is conceded by appellant in argument that the proceedings were had under Section 2794, Code Supplement, 1913. That section provides, in part, that, on presentation of the petition, the board "* * * shall establish the boundaries of a proposed independent district, including therein all of the city, town or village, and also such contiguous territory as is authorized by a written petition of a majority of the resident electors of the contiguous territory proposed to be included in said dis-

trict, *in not smaller subdivisions than entire forties of land,* in
the same or any adjoining corporations, as may *best* subserve
the convenience of the people for school purposes, \* \* \*''

The affidavit before set out as the basis of appeal to the
county superintendent recites a number of things which show
that the establishment of the proposed district would not ''best
subserve the convenience of the people for school purposes,''
under the statute before quoted. In *Munn v. School Twp.,* 110
Iowa 652, there was a proceeding under this same Section 2794.
It was held that it is the duty of the board to fix the boundaries
after determining that the locality has over 100 residents, etc.,
and that it is not necessary for the board, in establishing the
boundaries of a new district, to embrace all the contiguous terri-
tory for which the petitions are presented. It was also held in
the *Munn* case that, from the action of the board of directors in
rejecting a petition, an appeal would lie to the county superin-
tendent, and that, under this same Section 2794, on appeal to
the county superintendent and to the state superintendent of
public instruction, the superintendents have jurisdiction *de novo*
by the appeal, and can enter any order which the board could
have made in the matter. In *School Corp. v. Independent Sch.
Dist.,* 162 Iowa 257, where the proceedings were had under this
same Section 2794, it was held that, under the provisions of
Section 2818, Code of 1897, the plaintiff was empowered to ap-
peal from the action of the board to the county superintendent.
The court said:

''It has frequently been held that this was its appropriate
remedy [citing *Independent Sch. Dist. v. Board of Supervisors,*
25 Iowa 305, and *Munn v. School Twp.,* supra].''

In *State v. Rowe,* 187 Iowa 1116, 1122, it is held that juris-
diction of the board of directors to call an election for the estab-
lishment of a consolidated school district attaches when the peti-
tion is filed with the board; and that thereafter, irregularities
in the exercise of such jurisdiction should be corrected by appeal
to the county superintendent, under Section 2818. The opinion
quotes from *Smith v. Blairsburg Ind. Sch. Dist.,* 179 Iowa 500:

''It was the filing of the petition that conferred jurisdiction,
and thereupon the board's duty was to canvass the signers and

ascertain whether one third of the resident qualified electors had signed. If the board erred therein, anyone aggrieved thereby might appeal from the decision to the county superintendent, and, if his decision was adverse, to the state superintendent * * *. No appeal having been taken in this case, the finding that one third of the resident qualified electors signed the petition is conclusive.''

In *School Dist. Twp. v. Independent Sch. Dist.*, 149 Iowa 480, 488, an action in equity, we said:

''It is contended with much earnestness in behalf of appellants that the inclusion of territory into the new district was most inequitable * * *. We do not understand, however, that the court has any authority in this proceeding to inquire into the equity or justness of the boundaries as fixed by the new district. It is true that, in Section 2794, above quoted, it is provided that such contiguous territory may be included 'as may best subserve the convenience of the people for school purposes;' but that question is for the board to which the petition for the formation of a new district is directed, and we are not authorized to interfere with its discretion. In this respect, those who complain of the inequity and injustice of boundaries as established were not without remedy. They might have appealed to the county superintendent, under Code Section 2818, and, if not satisfied with his decision, they might have prosecuted a further appeal to the state superintendent, under Section 2820.''

In *Lacock v. Miller*, 178 Iowa 920, 925, an injunction proceeding in regard to consolidation of districts, we said:

.''Aside from this, the boundaries of the new district were approved by the county superintendents of the two counties in which the new consolidated district lies, and no appeal was ever taken from their approval. The remedy in such cases is by appeal to the state superintendent of public instruction'' (citing some of the cases hereinbefore cited).

It is true that, in *Cutler v. Board*, 172 Iowa 361, 364, the court had under consideration apparently conflicting provisions in Section 2794 and 2798. The court had some trouble in reference thereto, and Mr. Justice Evans and another justice dissented. The court used this language:

"The language of the statute is mandatory in form, as well as in apparent meaning, and there is nowhere any suggestion of discretion in the board to refuse to call the election when the statutory conditions are complied with."

We have seen that one of the statutory conditions in Section 2794 is that a district may be established such "as may best subserve the convenience of the people for school purposes." In the *Cutler* case, the proceedings were under Section 2798; and it was pointed out therein that Section 2794, Code Supplement, 1913, and Section 2798, Code of 1897, provide separate and distinct schemes for the organization of such districts. The opinion in the *Cutler* case at page 365 quotes from an earlier Iowa case, as follows:

"The school board has no alternative but to proceed in accordance with the petition and follow the lines marked out by the statute."

In that case there was no question involved as to the right of appeal to the county superintendent.

Section 2818, Code of 1897, provides that *any* person aggrieved by any decision or order by the board of directors of any school corporation in a matter of law or fact, may, within thirty days after the rendition of such decision or the making of such order, appeal therefrom to the county superintendent of the proper county; that the basis of the proceeding shall be an affidavit filed with the county superintendent by the party aggrieved, etc. Such an affidavit, and an appropriate one, was filed with the county superintendent in this case. Under this statute, we think appellees had the right of appeal. They did appeal within thirty days after the order of April 20th. The appeal was taken on the same day of the election, but, as we understand the record, before the election. It may be that the action of appellant was somewhat hasty; but with that we have nothing to do, since, as we have shown, the appeal was taken within the time allowed. Doubtless appellees could have appealed sooner; but the statute gives thirty days. Appellant cites 11 Corpus Juris 187 (Section 323), to the proposition that a motion to quash a writ for insufficiency of a petition is tantamount to a demurrer. See, also, *Cedar Rapids & M. C. R. Co.*

*v. Cummins,* 125 Iowa 430; *Vinton v. Board of Supervisors,* 196 Iowa 329.

It is contended by appellee that certiorari will not lie because appellant had a right of appeal from the county superintendent to the state superintendent. In view of our conclusion on the other proposition, it is unnecessary to discuss that question. We are of opinion that the trial court properly sustained the motion, and the judgment is—*Affirmed.*

ARTHUR, C. J., and EVANS and FAVILLE, JJ., concur.